■ MARIA OSWALD et al., Appellants, v BARBARA G. HEANEY, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered November 16, 1977, upon a jury verdict in favor of the defendant. Judgment reversed, on the law, and new trial granted, with costs to appellants to abide the event. The determinative issue on this appeal is whether the trial court's instruction to the jury concerning plaintiffs' failure to call certain witnesses was prejudicial error requiring a reversal of the judgment for defendant. The court instructed that if the jury found that a witness was in a position to give relevant evidence on the side of the plaintiffs and the plaintiffs offered no reasonable explanation for their failure to call such witness, it could infer that the testimony of the uncalled witness would not contradict the opposing evidence or would not support the plaintiffs' version of the case. The injured plaintiff was a pedestrian who had been struck by the defendant's automobile while she was crossing a one-way street on a rainy, sleety day in December, 1972. It is undisputed that the ground was slippery and visibility was not good. When the injured plaintiff was struck she fell and was taken to the hospital where X rays were taken of her ankle, leg and hip. She was then picked up by her husband at the hospital and taken home. She stayed home in bed two days and returned to work on the third day after the accident. Her injuries then did not appear serious, but as time went on and the pain persisted she went to a substantial number of doctors and ultimately she had to undergo a spinal operation. Although the operation was supposedly successful, she was rendered unable to work. In support of her suit for substantial damages, she called two of the doctors who had treated her, one of whom had operated on her. She did not call some 10 other doctors who were involved in her treatment either directly or indirectly. During the trial, an issue was raised as to whether her injuries were a proximate result of the accident. The trial court included in its instructions to the jury the following: "Now, there have been

statements made regarding witnesses who should have been here at the trial—at least allegedly—made by the defense. Now, there is no duty on any party to call any particular person as a witness, nor may the failure to call a witness be the basis for a finding of fact upon a point which no evidence has been received. However, if you find that a witness was in a position to give relevant evidence on the side of Maria Oswald and that Maria Oswald has offered no reasonable explanation for the failure to call such witness you may infer, if you deem it proper to do so, that the testimony of the uncalled persons would not contradict the opposing evidence or would not support Maria Oswald's version of the case. And you may also draw the strongest inferences against the plaintiff that the opposing evidence permits. In this light, you may consider the failure of the plaintiff to call Dr. Marcus Schwartz, Dr. Fenton, Dr. Blackwell, Dr. Walsh, Dr. Lanyi, Dr. LeBrun, Dr. Cohen, Dr. Shea, Dr. Heudorfer and Dr. Ferrara." At the close of the court's charge the appellants excepted to the foregoing instruction on the ground that the 10 doctors listed by the court were not under their control and that the failure to produce those witnesses was as consistent with the conclusion that their testimony would be cumulative as it was with the inference the court had charged the jury it could draw, "the strongest inferences against the plaintiff that the opposing evidence permits." The logical basis for the rule is that if a party who normally would be expected to call a witness in support of his case neither calls him nor gives an explanation for the failure to call him, then the jury should be permitted to draw an adverse inference. But *People v Moore* (17 AD2d 57, 60), from which the foregoing statement of the rule is drawn, also adds a condition to the effect that the foregoing reasoning is applicable "where the witness is in a position to give substantial evidence, not merely cumulative". There was nothing in the testimony in the record to indicate that the 10 doctors listed in the court's instruction were in a position to give substantial evidence which was not merely cumulative. Rather, it appears that one of the 10 listed doctors served only as an anesthetist, another had taken X rays and two others had had minimal contact with the injured plaintiff. Further, it is clear that the calling of 10 additional doctors as expert witnesses would entail substantial cost to the plaintiffs. There is also nothing in the record to establish that the 10 doctors listed by the court in its instruction were under the control of the plaintiffs. Rather, former treating physicians, like former employees, may be neither under the control of the party nor willing to provide testimony favorable to the patient who left them to go to other doctors. Part of the testimony introduced by the defendant raised an issue as to whether the injuries for which the injured plaintiff was suing, the ones that necessitated a spinal operation and made her incapable of continuing to work, were a proximate result of the accident. The testimony of the medical witnesses in this case dealt both with the nature and extent of the injured plaintiff's injuries and with the question of whether those injuries were the proximate result of her having been struck by the defendant's car. Therefore, the court's instruction as to the missing medical witnesses, absent any instruction to the jury to deal separately with the issues of the extent of those injuries and their source in the defendant's negligence, may well have compounded the prejudicial effect of the court's instruction. Hopkins, J. P., Lazer, Cohalan and Martuscello, JJ., concur.