■ GEORGE SACHS et al., Respondents, v FUMEX SANITATION, INC., Appellant.—In an action to recover damages based upon defendant's negligent inspection of premises, defendant appeals from a judgment of the Supreme Court, Suffolk County, entered December 15, 1978, which is in favor of plaintiffs and against it, after a nonjury trial. Judgment reversed, on the law, with costs, and complaint dismissed. Plaintiff, contract vendees of certain improved real property, retained defendant for a fee of "twenty some odd dollars" to conduct a prepurchase inspection to determine whether the subject premises were infested with termites. The inspection report indicated the presence of termites and minor visible structural damage, warned plaintiffs that when "termite evidence is found in any area, it is an indication termites are active somewhere in the soil around, beneath or in some other part of the structure" and advised plaintiffs that a "carpenter or general contractor should be consulted to assess the reported damage and/or other damage which may exist and which was not visible to our inspector." After reading the report and having the subject premises chemically treated for termite infestation, plaintiffs took title to the property. Shortly thereaf-

ter, they discovered massive termite damage to the structure, necessitating costly repairs. Trial Term found that plaintiffs had purchased the subject premises in justifiable reliance on defendant's report and that defendant was negligent in not making a proper and thorough examination. Damages, based on plaintiffs' expert's estimate of the cost of repairing the premises, were set at $14,803. Trial Term erred in holding defendant liable for negligence. Competent evidence of industry practice adduced at trial established that defendant's duty to plaintiffs was only to report whether the subject premises were infested with termites and, in case of severe structural damage, to note such damage and recommend consultation with someone competent to determine the extent of such damage (see *Bonhagen v Hooper,* 195 So 2d 447, writ refused 250 La 634). Defendant gave plaintiffs the information necessary to arrange for further inspection of the subject premises by persons qualified in building construction and repair; defendant cannot be held liable for plaintiffs' failure to do so before taking title. Trial Term also erred in inferring that if defendant had called the man who had done the inspection, who was no longer in defendant's employ and whose absence was explained, his testimony would have been adverse to defendant. A former employee might no longer be under the control of a party (see *Oswald v Heaney,* 70 AD2d 653). Trial Term further erred in relying on plaintiffs' expert's assessment of damages, which was based on published estimates of construction costs not in court at the time the witness testified. An expert's opinion may not be based on materials not on the record, and his description of the contents of such materials, without explaining their absence, violated the best evidence rule (see *Sirico v Cotto,* 67 Misc 2d 636). Damiani, J. P., Titone, Mangano and Martuscello, JJ., concur.