■ JOHN J. GRIFFIN, Respondent, v LARRY G. NISSEN et al., Appellants. — Order unanimously reversed, without costs, and motion denied. Memorandum:

Plaintiff sustained back injuries in 1971 when a car in which he was a passenger was struck in the rear by defendants' car. After a jury verdict in his favor for $5,000, plaintiff moved to set the verdict aside as to damages only, on the ground that he was prejudiced by the court's instruction to the jury concerning his failure to call a Dr. Duggan. The court granted the motion. Plaintiff testified that he experienced back problems since 1955. In 1968 he consulted a Dr. Duggan for those problems and had his back X-rayed by this doctor. No further treatment ensued. Following the accident in 1971 plaintiff was treated by his family doctor, Dr. Burek, who, after three treatments, referred him to another physician whom he saw for treatment several times between 1971 and 1972. He received no further treatment from February, 1972 to August, 1976, at which time he consulted a Dr. Belmusto who examined him and X-rayed his back. The only doctor who testified at the trial first examined plaintiff in 1978. The issue at trial concerning damages was whether plaintiff's present complaints resulted from the automobile accident in 1971 or were caused by a chronic, pre-existing back problem. In its instructions to the jury the court gave a "failure to produce a witness" charge as to Drs. Burek, Belmusto and Duggan (1 NY PJI 1:75). Exception was taken only to the charge as it related to Dr. Duggan. After the jury rendered its verdict in his favor, plaintiff moved to set the verdict aside. The court granted the motion, finding its charge in error since there was no showing that Dr. Duggan was under plaintiff's control. This was error. Obviously, a doctor-patient relationship existed between plaintiff and Dr. Duggan, albeit, prior to the accident. Under the circumstances of this case, where plaintiff's pre-existing back problems became an issue, one might expect that Dr. Duggan could give substantial evidence of the pre-existing condition (*Oswald v Heaney*, 70 AD2d 653, 654). Plaintiff bore the burden of showing that this missing witness was not within his power to call (*Grun v Sportsman, Inc.*, 58 AD2d 802; Richardson, Evidence [Prince, 10th ed], § 92). This he failed to do. (Appeal from order of Supreme Court, Genesee County, Morton, J. — negligence.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.