■ MARY T. DESNOES, Now Known as MARY MEAR, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 63774.) — Appeal from a judgment of the Court of Claims (Murray, J.), entered February 14, 1983, which dismissed the claim. ¶ Claimant was involved in a one-car accident on January 5, 1979 on the Taconic State Parkway. While proceeding north in the passing lane at a speed of 50 to 55 miles per hour, she lost control of her Jeep on ice near the intersection of the parkway and Harlemville Road. The Jeep fell on its side and flipped over, injuring claimant. Claimant suffered retrograde amnesia and did not recollect any of the details of the accident. ¶ The claim alleged negligent maintenance and repair of the parkway by the State. The trial, upon amendment of the pleadings to conform to the evidence, proceeded on the theory of improper design of drainage facilities in the vicinity of the intersection which, it was contended, caused an icy condition resulting in the accident

and claimant's injuries. ¶ The sole issue here is whether the dismissal of the claim after claimant rested was supported by the evidence. We hold that it was. The theory of negligent design or construction was based on the unrebutted testimony of claimant's expert. The weight to be given to such testimony is a question of fact for the trial court (see *Felt v Olson,* 74 AD2d 722, 723, affd 51 NY2d 977). Such testimony may be rejected by the trial court if it is improbable, in conflict with other evidence or otherwise legally unsound. ¶ The trial court's rejection of claimant's expert was supported by the weight of the evidence. His testimony was flawed by his lack of experience in highway design and construction and his inability to cite any design standards in effect when the highway was built which were violated in the instant case (*Sachs v Fumex Sanitation,* 75 AD2d 595). His opinion was weakened by a failure to relate the ice on the road to the alleged design defect. The trial court properly found that his theory of water flow was contrary to reason and common experience. Additionally, other evidence refuted any indication that there was any unique ice problem in this area. ¶ Finally, the trial court's conclusion that claimant's speed was unsafe for the prevailing circumstances and that her negligence was the sole cause of the accident was amply supported in the record. ¶ Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.