■ TONY K. CHANDLER et al., Respondents, v RICHARD O. FLYNN, JR., Defendant, and AVIS RENT A CAR, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant Avis Rent A Car (Avis) appeals from (1) a judgment of the Supreme Court, Nassau County (DiPaola, J.), dated March 30, 1984, which, after an admission of liability by Avis, awarded plaintiffs money damages in the total principal amount of $4,080,000 payable by Avis, upon a jury verdict, and (2) an amended judgment of the same court, also awarding plaintiffs the total principal sum of $4,080,000.

Appeal from the judgment dismissed, without costs or disbursements. The judgment was superseded by the amended judgment.

Amended judgment reversed, on the law and as a matter of discretion, without costs or disbursements, and (1) plaintiff Gabriella Chandler's cause of action to recover damages for personal injuries and plaintiff Tony Chandler's derivative claim dismissed and their remaining causes of action severed; (2) new trial granted to Avis on the issue of damages only with respect to Tony Chandler's cause of action to recover damages for personal injuries, Gabriella Chandler's derivative claim, plaintiff Ciro Bonannini's cause of action to recover damages for personal injuries and Anna Bonannini's derivative claim and (3) new trial granted to Avis on the issue of damages only as to Anna Bonannini's cause of action to recover damages for personal injuries and Ciro Bonannini's derivative claim, unless these plaintiffs serve and file in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict in favor of Anna Bonannini for damages for

personal injuries to $150,000 and to reduce the verdict on Ciro Bonannini's derivative claim to $25,000 and to entry of an amended judgment accordingly, within 30 days after service upon them of a copy of the order to be made hereon, with notice of entry; in the event they so stipulate, then that portion of the amended judgment, as so reduced and amended, is affirmed. Judgment amended accordingly.

This action arises out of a motor vehicle accident in the State of Florida involving a car in which all four plaintiffs, New York residents, were passengers and an Avis car driven by defendant Richard Olney Flynn, Jr. Avis conceded liability, and the only issue tried by the jury was that of damages. The jury found that plaintiff Tony Chandler sustained a permanent injury and that the other three sustained nonpermanent injuries as defined in Insurance Law former § 671 (4) (now Insurance Law § 5102 [d]) and awarded plaintiffs damages in the total principal amount of $4,080,000. On appeal, defendant Avis contends that the verdicts in favor of plaintiffs should not stand. We agree and grant a new trial as to Mr. Chandler's and Mr. Bonannini's personal injury claims and their respective spouses' derivative claims, dismiss Mrs. Chandler's personal injury claim and her husband's derivative claim and reduce Mrs. Bonannini's personal injury award and her husband's derivative award, if they so stipulate.

First, a new trial is required with respect to Mr. Chandler's claim for damages for personal injuries since the court erred in refusing appellant's request for a missing witness charge with regard to one of his treating physicians (Dr. Diamond). It is well established that such a charge should be given where the witness is under the plaintiff's control and is in a position to give substantial, not merely cumulative, evidence (*see, Oswald v Heaney,* 70 AD2d 653; *People v Moore,* 17 AD2d 57). "Control" is used in a very broad sense and includes a witness under the influence of a party as well as one under a party's employment or management (*see, Hayden v New York Rys. Co.,* 233 NY 34; *People v Douglas,* 54 AD2d 515) or one whom it "may be naturally inferred * * * [is] of good will to the party, such as * * * his physician" (*Reehil v Fraas,* 129 App Div 563, 566, *revd on other grounds* 197 NY 64; *see also, Mashley v Kerr,* 47 NY2d 892). Nevertheless, "former treating physicians, like former employees, may be neither under the control of the party nor willing to provide testimony favorable to the patient who left them to go to other doctors" (*Oswald v Heaney, supra,* at p 654; *see also, Pagan v Ramirez,* 80 AD2d 848). The burden is on the party *opposing* the inference to show that the witness is not

available or under his "control" (*see, Mashley v Kerr, supra; Grun v Sportsman, Inc.,* 58 AD2d 802; Richardson, Evidence § 92 [Prince 10th ed]).

In the case at bar, Mr. Chandler failed to carry his burden in demonstrating that Dr. Diamond was a physician no longer under his control. Mr. Chandler first saw this neurologist on October 29, 1979, a few days after the accident of October 18. The doctor continued to treat Mr. Chandler in 1980 through 1982. The record is devoid of any indication that Mr. Chandler was no longer under this doctor's care at the time of trial. Thus, Mr. Chandler has not established that he left Dr. Diamond's care to go to another physician, that Diamond was not subject to subpoena, or that there were any circumstances which would create the type of hostility or ill will which would justify the failure to call him (*see, Oswald v Heaney, supra*).

We additionally note that Dr. Diamond was in a position to give important evidence. The issue as to whether Mr. Chandler had been rendered unconscious as a result of the accident was a hotly contested one. In a report dated August 27, 1982, but marked for identification only, Dr. Diamond reported that Mr. Chandler "did not lose consciousness". At trial, Dr. Diamond would have been able to testify as to this report. Moreover, since he had seen Mr. Chandler only a few days after the accident, he would have been able to testify as to whether Mr. Chandler had bruises on his head. This would have shed light on the issues of whether Mr. Chandler had lost consciousness and how serious his head injuries actually were. Thus, the court erred in failing to give the missing witness charge with regard to Dr. Diamond. No error was committed in declining to give such a charge with regard to Dr. Kornrich, another physician who treated Chandler. Although Mr. Chandler similarly failed to demonstrate that Dr. Kornrich was not within his control, his testimony would have been merely cumulative.

We further note that the trial court, over appellant's objections, gave the jury the incorrect work expectancies of 36 years for Mr. Chandler and 24 years for Mr. Bonannini. 1 NY PJI 2d 298 Table A-1 (Supp) indicates work expectancies of 28.5 years for a male of Mr. Chandler's years and 14 years for a male of Mr. Bonannini's years. The jury should have been given the correct data and informed that this information was to be considered together with all other evidence in the case in arriving at what they considered these plaintiffs' work expectancies to be (*see,* 1 NY PJI 2d 643-644). As claims for diminution of future earning capacity for Mr. Chandler and Mr. Bonannini were submitted to the jury, a new trial as to these plaintiffs' claims is required on this ground as well.

Gabriella Chandler's action to recover damages for personal injuries must be dismissed. The jury expressly rejected a finding that she had sustained a permanent injury. Instead, as previously noted, it found that her injuries were nonpermanent as these terms are defined in Insurance Law former § 671 (4) (now Insurance Law § 5102 [d]). In pertinent part, this statute speaks of: "a medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment".

The Court of Appeals has noted that: "Where the statute is specific, as it is here, that the period of disability must be 'for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment', the Legislature has made it abundantly clear that disability falling within this threshold period must be proved along with the other statutory requirements in order to establish a prima facie case of serious injury" (*Licari v Elliott,* 57 NY2d 230, 236). In the case at bar, however, Mrs. Chandler did not remember when she had resumed work. She had been able to finish work on an outstanding contract after the accident, and had been paid in full. Thus, she did not satisfy this statutory requirement. There was sufficient evidence from which the jury could conclude that the Bonanninis satisfied this requirement.

Finally, we find that the verdicts with respect to Mrs. Bonannini's injuries and Mr. Bonannini's derivative claim are excessive to the extent indicated. Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.