■ R. T. CORNELL PHARMACY, INC., Respondent, v JOHN R. GUZZO, Doing Business as HUDSON VALLEY COMPUTER SYSTEM, Appellant.—Weiss, J. Appeal from an order of the County Court of Albany County (Turner, Jr., J.), entered April 16, 1987, which affirmed a judgment of the City Court of the City of Albany in favor of plaintiff.

Plaintiff commenced the instant breach of contract action to recover the full purchase price of a computer system purchased from defendant. The trial record of City Court shows that the computer package included both the hardware and software for the processing of prescriptions. Pursuant to the written contract, plaintiff retained the option to cancel within 120 days after installation if "the system fail[ed] to perform as proposed"; the contract contained no definition of the phrase "as proposed". Plaintiff's claim was premised on certain oral

representations made by Jim Hogan, an independent salesman who negotiated the contract on defendant's behalf, in particular a representation that the parameters of all third-party prescription plans *would* be preprogrammed into the system. It is undisputed that such a program was not, in fact, preprogrammed. Defendant's position was that Hogan may have stated that the program *could* be included, but only after the necessary customer information was obtained from plaintiff's records. Hogan, however, was not produced as a witness. Over defendant's objection, City Court included a "missing witness" charge in its instructions to the jury (PJI 1:75). The jury returned a verdict in plaintiff's favor for the full purchase price, and, upon appeal, County Court affirmed. This further appeal ensued.

We affirm. The sole issue presented is whether City Court erred in rendering a missing witness charge based on Hogan's absence. A party is entitled to a missing witness charge where the uncalled witness bears information on a material issue, would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party *(People v Gonzalez,* 68 NY2d 424, 427). As indicated, plaintiff's claim depended entirely on what representations, if any, Hogan made as to the performance of the computer system. It is evident that plaintiff met its threshold burden of showing that Hogan was a material witness who, as defendant's sales representative, could reasonably be expected to testify favorably on defendant's behalf *(supra,* at 428). As such, it was incumbent upon defendant to demonstrate that Hogan was no longer under its control or was otherwise unavailable to testify *(supra).*

The concept of control is not precisely definable, but is utilized in a broad sense and focuses on the relationship between the witness and the party *(supra,* at 428-429; *Wilson v Bodian,* 130 AD2d 221, 234-235; *Chandler v Flynn,* 111 AD2d 300, *appeal dismissed* 67 NY2d 647). To establish a lack of control, defendant simply testified that he no longer maintained any business relationship with Hogan. The fact that Hogan was 'no longer an employee or agent, however, does not preclude a finding of control as a matter of law *(see, Chandler v Flynn, supra,* at 301; *Sachs v Fumex Sanitation,* 75 AD2d 595, 596). Noticeably absent here is any explanation as to whether defendant's relationship with Hogan had changed in such a manner that the witness might prove hostile or uncooperative *(Wilson v Bodian, supra,* at 235). As to availability, defendant indicated that he attempted to obtain Hogan's

presence at trial but was informed that Hogan would be out of town for approximately 3 or 4 days. This attempt to locate Hogan was clearly less than diligent *(see, People v Gonzalez, supra,* at 428; *Wilson v Bodian, supra,* at 235). Moreover, no effort was made to subpoena the witness.

In our view, County Court correctly determined that defendant failed to demonstrate either a lack of control or availability. It follows that City Court properly instructed the jury that an unfavorable inference could be drawn from the failure to call Hogan as a witness. Defendant's assertion that the charge was untimely raised since it was not discussed until after the proof was closed is entirely unpersuasive, for there is little if any possibility that defendant was unduly surprised *(see, People v Gonzalez, supra,* at 428).

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.