■ ROBERT F. VANIGLIA, Respondent, v NORTHGATE HOMES, NORTHGATE PROPERTIES, INC., Also Known as NORTHGATE REALTY CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. UNITED ASSOCIATES CONSTRUCTION & EXCAVATING CORP., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, (1) the defendant and third-party plaintiff Northgate Homes, Northgate Properties, Inc., also known as Northgate Realty Corp. (hereinafter

Northgate), appeals from a judgment of the Supreme Court, Richmond County (Kuffner, J., at trial on the issue of liability; Radin, J., at trial on the issue of damages), dated April 30, 1985, which, upon jury verdicts on the issues of liability and damages, is in favor of the plaintiff Robert Vaniglia and against it in the principal sum of $1,500,000; and (2) the third-party defendant United Associates Construction & Excavating Corp. appeals from a judgment of the same court (Kuffner, J.), dated October 16, 1985, which is in favor of Northgate and against it. The third-party defendant's notice of appeal from an undated judgment is deemed a premature notice of appeal from the judgment dated October 16, 1985.

Ordered that the judgment dated April 30, 1985 is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $1,000,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment dated April 30, 1985, as so reduced and amended, is affirmed, without costs or disbursements; the findings of fact as to liability are affirmed; and it is further,

Ordered that the judgment dated October 16, 1985 is affirmed, without costs or disbursement.

On March 30, 1977, the plaintiff, Robert Vaniglia, sustained serious injuries at a construction site in Richmond County when an equipment operator, who was in the process of excavating a ditch, caused his backhoe to become entangled with an underground electrical conduit causing a horizontal riser connected thereto to become dislodged, striking the plaintiff. Northgate was the owner of the site where the accident occurred and was also the general contractor of a project involving the erection of new homes at that site. The plaintiff was employed as an electrician by one of the subcontractors in connection with the project. At a nearby location, the third-party defendant United Associates Construction & Excavating Corp. (hereinafter United), was performing excavation work for the Brooklyn Union Gas Company, which was installing gas mains in the area. On the date of the accident, workers from Northgate project went to the Brooklyn Union Gas Company jobsite and asked United's foreman to lend

them a backhoe and an operator to assist them with some excavation at Northgate's site. Nicholas Spagnole, United's equipment operator, responded to this request and consequently the plaintiff was injured. As a result of the accident the plaintiff was hospitalized for injuries sustained to his neck, head and back. Following numerous hospitalizations for the examination and treatment of his injuries, the plaintiff returned to work on a limited, light-duty basis in October of 1977 but was forced to cease his employment on October 28, 1980, due to the injuries he sustained in the accident. In the meantime, however, he had commenced the instant action seeking to recover damages for personal injuries. After a trial on the issue of liability, the jury found that Northgate had violated Labor Law §§ 200 and 241 (6) and that its negligence was a proximate cause of the accident. Additionally, the jury found that the backhoe operator, Spagnole, was acting within the scope of his authority and in furtherance of the business of United, and therefore, Northgate had sustained its burden of proof that United was liable in part for the plaintiff's injuries. The jury found 75% of the fault attributable to Northgate and 25% attributable to United. Thereafter a trial was held, with the same jury, on the issue of damages. The jury found that the plaintiff had sustained damages as a result of the March 30, 1977 accident and awarded him the principal sum of $1,500,000.

Initially, we hold that the findings of the jury with regard to the apportionment of fault should not be disturbed. The verdict on that issue was supported by legally sufficient evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 499). Furthermore, a jury verdict cannot be set aside as against the weight of the evidence merely because a different conclusion could be reached or because a jury's reasoning is difficult to comprehend. Rather, the court must determine that the jury's findings could not be reached by any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Such a situation does not exist in the case at bar.

We further conclude that the trial court did not err in denying the request for a missing witness charge as to the numerous physicians who either treated or examined the plaintiff but did not testify at the trial. The record is devoid of any indication that the doctors who did not testify would have provided testimony which was not merely cumulative (see, Chandler v Flynn, 111 AD2d 300, 301, appeal dismissed 67 NY2d 647; Oswald v Heaney, 70 AD2d 653, 654).

However, we find the verdict was excessive to the extent

indicated. We have reviewed the remaining contentions of the parties and find them to be without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.