■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.—In an action for a judgment declaring that the defendant's policy of insurance provides secondary coverage with respect to an accident which occurred on July 14, 1982, the plaintiff Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), dated August 29, 1989, which, after a nonjury trial, inter alia, declared that the defendant's policy "was not applicable as any excess coverage for the accident of July 14, 1982".

Ordered that the judgment is affirmed, with costs.

On July 14, 1982, an automobile accident occurred involving a vehicle operated by Thomas Dougan which he had rented from Meadowbrook Ford, Inc. (hereinafter Meadowbrook), an automobile rental company. Dougan and Meadowbrook then became the named defendants in a personal injury action.

At the time of the accident, the vehicle was covered by a liability policy of insurance issued by the plaintiff Liberty Mutual Insurance Company (hereinafter Liberty) providing Dougan with primary insurance coverage. Also in effect was a policy issued by Liberty which provided excess coverage to Meadowbrook as owner of the vehicle. Additionally, at the time of the accident Thomas Dougan's mother, Barbara Dougan, was insured under a liability policy issued by State

Farm Mutual Automobile Insurance Company (hereinafter State Farm) which provided coverage to her and to relatives who resided with her.

On or about July 11, 1984, Liberty, asserting that Thomas Dougan had resided with his mother on July 14, 1982, commenced this action against State Farm for a declaration that the State Farm policy issued to Barbara Dougan provided secondary coverage for the accident.

Thereafter, on or about November 1984, Liberty, on behalf of Dougan and Meadowbrook settled the underlying personal injury action.

The issue of whether Dougan was a member of his mother's household was tried by the court. We agree with the trial court that Liberty did not prove its case by a preponderance of the credible evidence. All the information presented by Liberty as to Thomas Dougan's address was hearsay. Moreover, it is apparent from the evidence presented by Liberty that Thomas Dougan's testimony was central to the resolution of the issue of his residence and if called he could authenticate or corroborate the hearsay evidence adduced on that issue. The plaintiff, however, failed to call Thomas Dougan, its insured, as a witness, to simply ask him where he lived. Under these circumstances, the court, as the trier of fact in this case, was entitled to view Liberty's unexplained failure to call Dougan with suspicion and to draw an adverse inference therefrom in relation to the credibility and weight of the hearsay evidence upon which Liberty's case was predicated *(see, Chandler v Flynn,* 111 AD2d 300). Mangano, P. J., Sullivan, Rosenblatt and O'Brien, JJ., concur.