■ MARIE SANGIRARDI, as Administratrix of the Estate of MICHAEL SANGIRARDI, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Matter No. 1.) (Claim No. 68625.) In the

Matter of LENORA PILKO, as Administratrix of the Estate of FRANK J. PILKO, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Matter No. 2.) (Claim No. 71120.) [613 NYS2d 224] —In two claims to recover damages for personal injuries and wrongful death, which were joined for trial, the claimants appeal from two judgments of the Court of Claims (Weisberg, J.), both dated May 4, 1993, which, after a nonjury trial on the issue of liability, are in favor of the State of New York and against the claimants, dismissing their respective claims.

Ordered that the judgments are affirmed, with costs.

The instant claims arise out of a motor vehicle accident on the Grand Central Parkway on June 20, 1983. The decedent, Michael Sangirardi, was driving his vehicle on the westbound side of the highway, with decedent Frank Pilko riding as a passenger, when a car from the center eastbound lane swerved out of control and vaulted the median barrier, shearing off the top of Sangirardi's vehicle and killing both Sangirardi and Pilko. The claimants allege that the accident was caused by the existence of an eight-and-one-half-inch curb approximately two feet from the median guardrail, which, allegedly, caused the eastbound vehicle to vault over the guardrail. Following a nonjury trial on the issue of liability, the Court of Claims found that the failure of the State to remove or lower the curb was not the proximate cause of the accident. We affirm.

The Court of Claims properly credited the unrebutted testimony of the State's expert, which indicated that because of the high speed and angle of the eastbound vehicle as it swerved out of control, the guardrail would not have prevented the eastbound vehicle from crossing over into the westbound traffic even if the curb had been lowered or removed (see, Selkowitz v County of Nassau, 45 NY2d 97; see also, Desnoes v State of New York, 100 AD2d 712). On the other hand, the claimants failed to offer sufficient evidence to show that the alleged deficiencies in the design of the median guardrail and curb were a substantial factor in causing the deaths of the vehicle's occupants (see, Gutelle v City of New York, 55 NY2d 794).

Furthermore, the Court of Claims correctly concluded that the State could not be held liable for its failure to remove or lower the median curb, even if such reconstruction could have prevented the accident. The Court of Claims properly took judicial notice of Trautman v State of New York (179 AD2d 635), a case previously litigated before it, as evidence to

support its conclusion that while the State had a duty to redesign and reconstruct the Parkway in the vicinity of the accident site by removing or lowering the median curb, the delay in doing so was not unreasonable in light of the scope of the reconstruction project, the availability of funding and other priorities *(see, Friedman v State of New York,* 67 NY2d 271; *see also, Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.,* 100 AD2d 901). *Trautman* which was decided by the same Judge in December of 1989, resolved a liability issue similar to that presented herein, primarily on the basis that the State was experiencing severe fiscal crises in the early 1970's, which prevented it from implementing numerous highway construction projects. Since the claimants in the present actions repeatedly cited to *Trautman v State of New York (supra)* in their post-trial brief, they cannot, now, claim surprise and prejudice as a result of the Judge taking judicial notice of the fiscal crises, of which the claimant was well aware, and of which the Judge clearly had personal knowledge *(see, Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp., supra).*

In affirming the Court of Claims in *Trautman,* this Court held that there was sufficient evidence of financial austerity in the early 1970's to justify the delay in implementing the reconstruction project to correct design deficiencies in the Parkway medians *(see, Trautman v State of New York, supra).* Thus, the Court of Claims correctly concluded, herein, that the State did not unreasonably delay reconstruction of the Parkway. The Court of Claims found further support for its conclusion in the testimony of another expert presented by the State, who testified that the four-year period between 1979, when the State commenced the redesign of the Parkway, and the commencement of reconstruction in 1983, was not unreasonable given the complexity of the design characteristics, and the numerous funding considerations. O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.