■ ROBERT COHEN et al., Appellants-Respondents, v ESTATE OF SIMON COHEN et al., Respondents-Appellants. [661 NYS2d 1002] —In an action, *inter alia,* to recover interest on awards of money set forth in a decree of the Surrogate's Court, Nassau County (Radigan, S.), dated November 27, 1984, the plaintiffs appeal, as limited by their brief, from stated portions of an order and decree (one paper) of the Surrogate's Court, Nassau County (Radigan, S.), dated March 6, 1996, which, *inter alia,* granted the defendants' motion to reargue a decision of the same court, dated July 11, 1995, and, upon reargument, granted their motion for summary judgment to the extent of dismissing the complaint except for the causes of action asserted on behalf of the plaintiff Robert Cohen individually. The defendants cross-appeal from so much of the same order as granted interest to the plaintiff Robert Cohen individually.

Ordered that the order and decree is modified, on the law, by deleting the provision thereof which granted interest at the

statutory rate to the plaintiff Robert Cohen individually from May 10, 1989, through and including August 19, 1990, and substituting therefor a provision granting him interest at the statutory rate from November 27, 1984, through and including August 19, 1990; as so modified, the order and decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

This action was commenced for the imposition of interest on sums awarded in a decree of the Surrogate's Court, Nassau County, dated November 27, 1984, upon a stipulation of settlement. The award was not paid until 1990. The plaintiffs in the original action which resulted in the 1984 decree were Robert Cohen, individually, and as the representative of certain limited partnerships. In 1987, prior to the commencement of the instant action for interest on the sums awarded in the prior decree, Robert Cohen assigned his interest in the partnerships to a trust he created. Robert Cohen, individually, and as trustee, commenced this action for interest on the sums awarded in the 1984 decree on his own behalf and as representative of the limited partnerships.

There is nothing to suggest that the trust created by Robert Cohen in 1987 became a substituted limited partner in the subject partnerships. Thus, neither Robert Cohen individually nor the trust may act for the partnerships and bring this derivative suit on their behalf (see, Partnership Law § 115-a [1]; § 108). Contrary to the plaintiffs' claims, they had ample opportunity to address the issue of standing, but failed to do so.

However, Robert Cohen individually can maintain an action for interest upon the awards entered in his favor. Although the court found that he was entitled to interest from May 10, 1989, the date of an order apportioning certain sums awarded in the 1984 decree between Robert Cohen and the partnerships, we find that he is entitled to interest from November 27, 1984, the date of the decree, to the date of payment (see, Matter of Foley, 199 AD2d 672; see also, 8A Carmody-Wait 2d, NY Prac §§ 63:113, 63:114, at 404-405).

We have reviewed the remaining contentions raised by the parties and find them to be without merit. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.