■ ROBERT REED et al., Respondents, v IRENE WOLFF et al., Defendants, and ROBERT COHEN, Appellant. [661 NYS2d 996] —In an action for a judgment declaring, *inter alia,* that amendments to the articles of a limited partnership are effective and binding, the defendant Robert Cohen individually and as trustee of the Robert Cohen Revocable Trust-1987, appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Surrogate's Court, Nassau County (Radigan, S.), dated December 27, 1995, as granted the plaintiffs' motion for summary judgment and, *inter alia,* declared that the amendments to the articles of the limited partnership had been properly adopted, and denied his motion to compel arbitration.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiffs in this action are Robert Reed, individually and derivatively on behalf of Simon Cohen Real Estate and Management Company, a limited partnership (hereinafter Reed). The plaintiff Robert Reed is the sole general partner of the Simon Cohen Real Estate and Management Company (hereinafter SCREAM). The defendants are the remaining limited partners of SCREAM.

On October 19, 1993, the articles of the limited partnership (hereinafter the agreement) were amended to delete an arbitration clause and provide that the general partner, with the consent of limited partners holding at least 25% of the partnership capital, could sell any or all of the partnership assets.

The plaintiffs commenced this action seeking a judgment declaring, among other things, that the amendments were valid and that a proposed sale of the assets of SCREAM was authorized by the agreement as amended.

The defendant Robert Cohen, individually and as trustee of the Robert Cohen Revocable Trust-1987 (hereinafter Robert Cohen), is the only defendant opposing this action. After filing an answer he moved to compel arbitration, and the plaintiff cross-moved for summary judgment.

Contrary to Robert Cohen's claim, we find that the court properly denied his application to compel arbitration, insofar as one of the 1993 amendments deleted the arbitration clause found in the original agreement (*see, Matter of Cassone,* 63 NY2d 756; *Matter of Schlaifer v Sedlow,* 51 NY2d 181; *Matter of Minkin [Halperin],* 279 App Div 226, *affd* 304 NY 617).

The court also properly dismissed Robert Cohen's affirmative defenses and counterclaims on the basis of a lack of standing. Although this issue was not addressed by the parties in this action, it was an issue in the companion case (*see, Cohen v Estate of Cohen,* 242 AD2d 358 [decided herewith]). We take judicial notice of the arguments in that case and the decision therein (*see, Sangirardi v State of New York,* 205 AD2d 603).

Finally, summary judgment was properly granted to Robert Reed declaring that (1) the 1993 amendments are valid, and (2) Robert Reed has the authority to proceed with the proposed sale. The 1993 amendments were made in accordance with the provisions set forth in the agreement for such modifications, and the proposed sale has been approved by the number of limited partners required in the agreement as amended. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.