■ GERTRUDE LEVEN et al., Appellants, v TALLIS DEPART-MENT STORE, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Dunkin, J.), entered February 28, 1990, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The trial court committed reversible error in refusing the plaintiffs' request for a missing witness charge (1 PJI 1:75) as to the defendant's employees and the co-owner of the defendant store, who were present in the store on the day of the accident. A party is entitled to a missing witness charge "where the uncalled witness bears information on a material issue, would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party" (Cornell Pharmacy v Guzzo, 135 AD2d 1000, 1001; see also, People v Gonzalez, 68 NY2d 424; Chandler v Flynn, 111 AD2d 300). In this case, the defendant failed to present any clear evidence that these witnesses were no longer under its control or otherwise unavailable to testify (see, People v Gonzalez, supra, at 428). Since the only witness produced by the defendant was not in the store on the day of the accident, the testimony of these witnesses would not have been cumulative. Accordingly, a missing witness charge should have been given (see, People v Kitching, 78 NY2d 532; Trainor v Oasis Roller World, 151 AD2d 323; Wilson v Bodian, 130 AD2d 221; Chandler v Flynn, supra; cf., Hershkowitz v Saint Michel, 143 AD2d 809).

Since we are granting a new trial, we also note that the trial court erred in admitting the defendant's photographs of the accident scene, taken some two years after the accident, as representing the conditions in the store on the day of the accident, since they were not properly authenticated (see, Alberti v New York, Lake Erie & W. R. R. Co., 118 NY 77; People v Corbett, 68 AD2d 772; Kowalski v Loblaws, Inc., 61 AD2d 340; Catanese v Quinn, 29 AD2d 675). The defendant's witness was not familiar with the lighting and other conditions in the store on the day of the accident, since the witness was out of the country for several weeks prior to and after the day of the accident. The witness's assumption that the condi-

tions depicted in the photographs represented the conditions on the day of the accident was not sufficient to authenticate the photographs. Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., concur.