■ GARRETT FARRELL, Appellant, v ALFRED LABARBERA, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated January 23, 1990, which upon a jury verdict on the issue of liability in favor of the defendant, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and a new trial is granted.

The plaintiff was allegedly injured when he fell on the deck of a swimming pool located at the defendant's house. There was evidence that the plaintiff, who was a relative of the defendant and a guest in his house, had assumed certain maintenance duties with respect to the premises. The trial court instructed the jurors that if they found "that it was [the plaintiff] who had the duty of maintaining the premises, and he * * * breached that duty which caused his accident, [they did not] have to go any further than that, if it was [the

plaintiff's] duty in the first place". The court further instructed the jurors that if they found that the defendant, "didn't have a responsibility for maintaining the property, and that it was the [plaintiff]", they may want to answer "no" to the question of whether defendant's negligence had been adequately proven.

These instructions were erroneous in that they permitted the jury to disregard the defendant's duty as a landowner to keep his land in a reasonably safe condition *(see, Macey v Truman,* 70 NY2d 918, *amended on other grounds* 71 NY2d 949; *Basso v Miller,* 40 NY2d 233; PJI 2:90). The fact that the plaintiff may have assumed certain maintenance duties on the premises does not determine the issue of whether the defendant had a duty as a landowner to maintain the premises. Rather, it is a factor which may be considered in determining whether, under the circumstances, the defendant breached his duty *(see, Scurti v City of New York,* 40 NY2d 433, 441; *Basso v Miller, supra; Quinlan v Cecchini,* 41 NY2d 686). Furthermore, the instructions clearly obfuscated the concept of comparative negligence by implying to the jury that they could find that the plaintiff's own culpable conduct could constitute a bar to his recovery (CPLR 1411; *see also,* PJI 2:36; *Safdie v City of New York,* 138 AD2d 361).

Under the circumstances of this case, the trial court also should have given a missing witness charge with respect to the defendant's failure to testify. On the plaintiff's direct case, he read into the record the deposition testimony of the defendant concerning the defendant's prior knowledge of certain conditions on the pool deck. The defendant offered no proof. Contrary to the trial court's holding, the plaintiff's use of the deposition to make out a prima facie case, did not constitute a waiver of his right to request a missing witness charge. It is well settled that where one party to an action, knowing the truth of a matter in controversy and having the evidence in his possession, omits to speak, every inference against him warranted by the evidence may be considered *(see, Dowling v Hastings,* 211 NY 199, 202; *Noce v Kaufman,* 2 NY2d 347, 353).

The plaintiff's remaining contentions are without merit *(see,* Richardson, Evidence § 168 [Prince 10th ed]). Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.