■ CLAIRE A. WEBBER et al., Respondents, v K-MART CORPORATION, Defendant, and COLSON EQUIPMENT Co., Appellant. [698 NYS2d 894] —In an action to recover damages for personal injuries, etc., the defendant Colson Equipment Co. appeals, as limited by its brief, from so much of (1) a judgment of the Supreme Court, Nassau County (Carter, J.), dated December 10, 1998, as is in favor of the plaintiffs and against it, (2) an amended judgment of the same court (Burke, J.), entered January 13, 1999, as, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $206,250, plus interest from October 14, 1998, and (3) an order of the same court (Burke, J.), dated February 9, 1999, as denied its motion for renewal.

Ordered that the appeal by Colson Equipment Co. from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment and order are affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff Claire A. Webber sustained an injury to her right eye as she was dismounting a wheelchair. Subsequently, she and her husband commenced an action against the defendant K-Mart Corporation, which furnished the wheelchair to the injured plaintiff for her use while she was shopping, and the defendant Colson Equipment Co. (hereinafter Colson), the

manufacturer of the wheelchair. The plaintiffs were awarded damages after a jury trial. Colson has appealed.

Contrary to Colson's contention, the circumstantial evidence was sufficient to establish that a design defect, a "hook" or metal attachment protruding from the bottom of the wheelchair's basket, caused the injured plaintiff's eye injury (see, *Gayle v City of New York,* 92 NY2d 936). Any error in precluding Colson from reading into the record deposition testimony that the plaintiffs' daughter told a K-Mart employee that the wheelchair was broken was harmless. The plaintiffs read excerpts of the same witness's deposition testimony, in which she stated that she told K-Mart employees that the wheelchair was "damaged". Further, the trial court did not err in giving a missing witness charge against Colson's quality control supervisor. The plaintiffs' use of the supervisor's deposition testimony did not constitute a waiver of their right to request the charge (see, *Farrell v Labarbera,* 181 AD2d 715).

The award for the injured plaintiff's past and future pain and suffering did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]).

The remaining contentions of Colson are without merit. Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.