■ ELAINE CROWDER et al., Respondents, v WELLS & WELLS EQUIPMENT, INC., et al., Appellants, and FRANCISCO N. ALBA et al., Respondents, et al., Defendants. [783 NYS2d 552]—

Judgment, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered on or about April 25, 2003, which, following a jury trial, found defendants Wells & Wells Equipment, Inc. and Andrew Wells 100% liable for the injuries sustained by plaintiffs Sharon Kitchings and Elaine Crowder and awarded them total amounts of $1,010,259.29 and $2,392,220, respectively, as against said defendants, unanimously reversed, on the law, without costs, the judgment vacated and the matter remanded to Supreme Court for a new trial.

Plaintiffs sustained injury when the taxicab driven by defendant Francisco N. Alba, in which they were passengers, struck the rear of a bus owned by defendant Wells & Wells Equipment, Inc. and operated by defendant Andrew Wells. The bus was parked on a safety zone behind a second bus that had stopped after developing two flat tires. Kelvin Bhattan, the driver of another car, who witnessed the accident, testified that the cab, owned by defendant Mario Campos, swerved to avoid an out-of-control automobile, partially spun and struck the rear of the bus at a 45-degree angle.

Defendant Alba, the cab driver, failed to appear and give testimony at the trial. The Wells defendants sought a missing witness charge, but Supreme Court refused. The jury found the Wells defendants solely responsible for plaintiffs' injuries.

As the rule is usually stated, a missing witness charge is appropriate when it appears that the nonappearing "witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" (*People v Gonzalez*, 68 NY2d 424, 427 [1986]). However, the missing witness formulation is but a particular expression of a broader principle: "A trier of fact may draw the strongest inference that the opposing evidence permits against a witness who fails to testify in a civil proceeding" (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]; *see also Matter of Jane PP. v Paul QQ.*, 65 NY2d 994, 996 [1985]). The inference is equally available against a party who fails to testify (*Denise J.*, 87 NY2d at 79-80), for whatever reason (*see Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 42 [1980] [party's assertion of Fifth Amendment privilege in civil suit analogous to failure to produce a material witness]; *Access Capital v DeCicco*, 302 AD2d 48, 52-53 [2002] [same]). "It is well settled that where one party to an action, knowing the truth of a matter in controversy and having the evidence in his possession, omits to speak, every inference against him warranted by the evidence may be considered" (*Farrell v Labarbera*, 181 AD2d 715, 716 [1992]).

Defendant Alba appeared in this action by counsel, and no issue has been raised as to the court's power to subject him to judgment. While there was some indication that he may have departed for the Dominican Republic prior to trial, it would be unjust to permit the jury to draw less than "the strongest inference that the opposing evidence permits" (*Denise J.*, 87 NY2d at 79) merely because he fled the jurisdiction to avoid liability rather than appear and give testimony.

As the driver of the vehicle in motion, it is apparent that defendant Alba would be knowledgeable about a material issue raised by the evidence. Plaintiffs have no recollection of the accident, and their driver was in a position to give testimony with respect to whether or not the vehicle was under his control prior to the impact with the Wells defendants' bus. Defendant Alba was in a position to know and observe events that Mr. Bhattan was not, rendering the expected testimony decidedly more than cumulative. Therefore, a missing witness charge

with regard to defendant Alba's failure to appear should have been given to the jury.

The error cannot be deemed harmless to the Wells defendants, whose parked vehicle was found to be the sole proximate cause of plaintiffs' loss. Defendant Alba's unaccounted failure to appear and explain why his taxicab struck a stationary vehicle from the rear would support a jury finding that he bore substantial responsibility for the injuries sustained by plaintiffs (*Johnson v Phillips*, 261 AD2d 269, 271 [1999] ["a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the second vehicle"]).

A missing witness charge was properly denied as to defendant Campos. The uncontroverted evidence at trial indicates that defendant Alba had left the United States. Therefore, the Wells defendants failed to establish that Alba was under the control of defendant Campos so as to permit any inference to be drawn against the owner of the taxicab. Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.