■ JOE S. BROWN et al., Respondents, v CITY OF NEW YORK et al., Appellants. [856 NYS2d 665]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered June 19, 2006, which, upon a jury verdict finding the defendant Julio A. Torro 100% at fault in the happening of the accident, awarding the plaintiff Joe S. Brown the sums of $300,000 for past pain and suffering, $300,000 for future pain and suffering, and $350,000 for future medical expenses, and awarding the plaintiff Susan D. Frazier-Brown the sum of $200,000 for loss of services, and upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the jury awards as to damages as excessive, is in favor of the plaintiffs and against them in the principal sum of $1,150,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiffs' request for a missing witness charge with respect to the defendant Julio A. Torro, the driver of the vehicle that allegedly struck the van of the injured plaintiff Joe S. Brown. Torro, who at all relevant times was represented by counsel, and who had previously given deposition testimony, inexplicably failed to appear at the trial to testify. A jury may, but is not required to, draw the strongest inference that the opposing evidence permits against a party who fails to testify at trial (*see Crowder v Wells & Wells Equip., Inc.,* 11 AD3d 360, 361 [2004]; *Farrell v Labarbera,* 181 AD2d 715, 716 [1992]; *see also Noce v Kaufman,* 2 NY2d 347, 353 [1957]).

Contrary to the defendants' contention, the verdict was not against the weight of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]), and the jury's damages awards did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.