In the Matter of LAVOUNTAE A. and Others, Infants. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, Respondent; LATICIA A., Appellant. [870 NYS2d 676]—

Memorandum: Petitioner commenced this proceeding in July 2005, alleging that respondent mother neglected the children at issue herein. Contrary to the contention of the mother, Family Court properly determined that petitioner established by a preponderance of the evidence that she failed to exercise a minimum degree of care in supplying the children with adequate food, and in failing to provide the children with proper supervision or guardianship by misusing marihuana, thereby placing them in imminent danger of becoming impaired (see Family Ct Act § 1012 [f] [i] [A], [B]). The evidence presented at the hearing on the petition established that there was no food in the house in mid-June 2005 and that, although the mother had given the children's maternal grandmother some food stamps to use while the grandmother cared for the children, the evidence also established that the mother had used the remaining food stamps to purchase food for a birthday party for her brother. The evidence further established that the mother admitted that she had smoked marihuana during her pregnancy with the child who was born in February 2005, and that she had been discharged from a substance abuse treatment program based on her failure to complete the program successfully. It is well established that "a finding of neglect may be appropriate even when a child has not been actually impaired, in order to protect that child and prevent impairment" (Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; see Matter of Carolyna L., 305 AD2d 1112 [2003]). Furthermore, the mother failed to testify, and thus the court properly drew "the strongest inference that the opposing evidence permits" (Denise J., 87 NY2d at 79; see Matter of Vivian OO., 34 AD3d 1111, 1114 [2006], lv denied 8 NY3d 808 [2007]). It may

therefore be inferred that the children were at imminent risk of becoming impaired as a result of the mother's failure to supply adequate food for the children, and in failing to provide proper supervision or guardianship for them based on her use of marihuana (*see generally Denise J.*, 87 NY2d at 79-80).

All concur except Lunn and Peradotto, JJ., who dissent and vote to reverse in accordance with the following memorandum:

Lunn and Peradotto, JJ. (dissenting). We respectfully dissent. We agree with respondent mother that petitioner failed to establish a prima facie case of neglect based on her alleged repeated misuse of drugs inasmuch as there was no evidence presented with respect to the frequency of her use of marihuana or the effect of marihuana on her mental state, including whether her marihuana use substantially impaired her judgment (*see* Family Ct Act § 1046 [a] [iii]; *cf. Matter of Hailey W.*, 42 AD3d 943, 944 [2007], *lv denied* 9 NY3d 812 [2007]). We note that, contrary to the conclusion of the majority, Family Court determined only that petitioner failed to establish by a preponderance of the evidence that the mother neglected her children by misusing drugs (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *see generally Matter of Philip M.*, 82 NY2d 238, 243-244 [1993]; *Matter of Stephanie B.*, 245 AD2d 1062 [1997]). Indeed, the record establishes that the court did not in fact determine that the mother failed to supply the children with adequate food (*see* Family Ct Act § 1012 [f] [i] [A]), despite the statement of the majority to the contrary. Nevertheless, even assuming, arguendo, that the court determined that the mother neglected her children both with respect to her misuse of drugs and her failure to supply them with adequate food, we conclude that petitioner failed to establish the requisite causal connection between either the mother's admitted marihuana use or the mother's failure to have any food in the house or food stamps on one occasion and any alleged harm or imminent harm to the children resulting therefrom (*see Matter of Rebecca W.*, 122 AD2d 582 [1986]). To the contrary, the caseworker described the children as appearing to be "healthy" during her investigation of this case (*see Matter of Justin D.*, 143 AD2d 346, 348 [1988]). We therefore would reverse the order and dismiss the petition. Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.