■ MICHAEL KATZ et al., Respondents, v JOHN GANGEMI et al., Appellants. [874 NYS2d 915]—

In an action to recover the unpaid balances of two loans, the defendants appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), dated September 24, 2007, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sums of $11,470 and $80,000.

Ordered that the judgment is affirmed, with costs.

The plaintiffs commenced this action to recover the unpaid balances of two loans allegedly made to the defendants. The plaintiff Marcia Katz is the mother of the defendant Stacey Baron Gangemi. At a nonjury trial, Marcia Katz testified that the plaintiffs loaned the defendants the sums of $25,000 in December 2001 to assist them in buying a new home, of which $11,470 had not been repaid, and that the plaintiffs loaned the defendants $80,000 in February 2003 to assist them with certain legal troubles, of which none had been repaid. The plaintiffs also entered into evidence, inter alia, a document acknowledging the loans and setting forth the terms of repayment, which Marcia Katz testified was drafted and signed by Stacey Baron Gangemi in February 2003. By contrast, neither of the defendants testified at trial, even though Stacey Baron Gangemi had personal knowledge of essentially every material issue in the case. The Supreme Court found in favor of the plaintiffs and against the defendants, and awarded the plaintiffs judgment in the principal sums of $11,470 and $80,000. We affirm.

Upon review of a determination rendered after a nonjury trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see LeVine v Catskill Regional Off-Track Betting Corp.*, 57 AD3d 624 [2008]; *Candela v Byron Chem. Co., Inc.*, 54 AD3d 306 [2008]). Here, we find no basis to disturb the Supreme Court's determination on appeal.

Further, the Supreme Court properly drew the strongest inference against the defendants that the opposing evidence permitted based on the failure of Stacey Baron Gangemi to testify at trial (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73 [1995]; *Brown v City of New York*, 50 AD3d 937 [2008]; *Farrell v Labarbera*, 181 AD2d 715 [1992]).

The defendants' remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.