Order of disposition and custody, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about June 27, 2011, which, upon a fact-finding determination that the mother neglected the subject children, granted the custody petition of their paternal aunt and placed them in her custody, unanimously affirmed, without costs.
“A preponderance of the evidence supports Family Court’s finding that the [children]’s physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother’s long-standing history of mental illness and resistance to treatment” (Matter of Naomi S. [Hadar S.], 87 AD3d 936, 937 [2011], lv denied 18 NY3d 804 [2012]; see also Family Ct Act § 1046 [b] [i]; § 1012 [f] [i] [B]). The mother suffers from long-standing severe mental illness, which is characterized by major depression, anxiety and trichotillomania, an anxiety disorder that manifested in her pulling out her hair and peeling off the skin on her feet. The record shows her lack of insight into the effect of her illness on the subject children, as well as deterioration of her condition due to noncompliance with treatment (see Matter of Christopher R. [Lecrieg B.B.], 78 AD3d 586, 586-587 [2010]). Her mental illness not only created an imminent risk of harm to the children, but resulted in actual impairment, as the condition caused her to be unable to provide them with adequate supervision and to permit them to have excessive school absences. In addition, her condition often rendered her unable to provide the children with adequate food (see e.g. Matter of Aliyah B. [Denise J.], 87 AD3d 943, 943 [2011]; Matter of Lavountae A., 57 AD3d 1382, 1382 [2008], affd 12 NY3d 832 [2009]).
The court exercised sound discretion in denying the mother’s request to assign an independent social worker to interview the children to explore reinstating contact between her and the children. The children, on several occasions, had previously been interviewed by therapists, social workers, caseworkers, and their attorney as to their feelings regarding having contact with their parents. Moreover, throughout the entirety of the proceedings, the children’s stance on having no contact with the mother remained unaltered (see e.g. Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37, 41 [2010]).
*683 Finally, the mother did not object, on the grounds of the court’s purported inability to properly analyze the evidence, to the court’s holding a consolidated custody and dispositional hearing, thus, this argument is unpreserved on appeal (see Matter of Crystal P. [Andrea L.], 93 AD3d 576 [2012]). In any event, the court properly considered first, a disposition with regard to the neglect case and then, petitioner Carol E.’s custody petition, and determined that awarding custody to her was in the best interests of the children, given the evidence that they were thriving and wished to remain in her care (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Concur — Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.