Lahtinen, J.E
(dissenting). Inasmuch as a sound and substantial basis in the record supports Family Court’s finding of derivative neglect, I respectfully dissent. A parent who “misus[es] a drug or drugs” may be found to have neglected his or her children (Family Ct Act § 1012 [f] [i] [B]) and, unsurprisingly, placing one’s “children in near proximity to accessible narcotics and to the very dangerous activity of narcotics trafficking . . . pose[s] an imminent danger to the children’s physical, mental, and emotional well-being” (Matter of Paul J., 6 AD3d 709, 710 [2004]; see Matter of Brandon R. [James U.], 114 AD3d 1028, 1028 [2014]; Matter of Jared M. [Ernesto C.], 99 AD3d 474, 475 [2012]). Family Court credited evidence that respondent Brad J. (hereinafter the father) regularly used and sold marihuana and cocaine, and he admittedly cultivated marihuana at his residence.
The majority finds this evidence to be insufficient to support a finding of neglect because “the record is bereft of any evidence that the father used (or sold) drugs while Dominick (or any other child) was in his care, nor is there sufficient evidence to support a finding that his conduct in this regard posed an imminent risk of injury or impairment” to his children. When police raided the father’s residence shortly after the shooting, however, they discovered a bedroom with furnishings, clothing and toys. Given this proof of a child’s regular presence, the father’s regular use and sale of drugs could readily be construed as placing his children in imminent danger of impairment such as to support a finding of neglect (see Matter of Brandon R. [James U.], 114 AD3d at 1028-1029; Matter of Lavountae A., 57 AD3d 1382, 1382-1383 [2008], affd 12 NY3d 832 [2009]). In my view, Family Court could further determine from this evidence that the father’s actions exhibited “such an impaired level of parental judgment as to create a substantial risk of harm to any child under [his] care” that would warrant a finding of derivative neglect (Matter of Andrew DeJ. R., 30 AD3d 238, 239 [2006]; see Matter of Eugene L. [Julianna H.], 83 AD3d 490, 490 [2011]).
Ordered that the order is reversed, on the law, without costs, and petition dismissed.