(April 22, 2015)

■ BIBI RABEENA ALLI, Appellant, v FULL SERVICE AUTO REPAIR, LLC, et al., Respondents. [7 NYS3d 456]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Flug, J.), entered March 19, 2013, which, upon a jury verdict on the issue of liability in favor of the defendants, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and a new trial is granted.

The plaintiff was injured when she fell, due to allegedly icy conditions, on the sidewalk outside the premises of the defendant Full Service Auto Repair, LLC (hereinafter Full Service), an auto repair shop on Liberty Avenue in Queens. At a trial on the issue of liability, the plaintiff testified as to the condition of the sidewalk at the time of the accident and offered photographs of the area taken later that evening. The plaintiff's attorney read into the record, on the plaintiff's direct case, deposition testimony of Aneel Chinsamy, the owner and operator of Full Service, concerning his knowledge of the condition of

the sidewalk minutes after the incident and his knowledge of any efforts to clean the sidewalk prior to the incident. The defendants rested upon the completion of the plaintiff's case and did not offer any evidence.

The plaintiff requested that the Supreme Court deliver a missing witness charge because of the failure of the defense to call Chinsamy as a witness. This request was refused and no such charge was given. The jury returned a verdict in favor of the defendants.

A missing witness charge "instructs a jury that it may draw an adverse inference based on the failure of a party to call a witness who would normally be expected to support that party's version of events . . . The preconditions for this charge, applicable to both criminal and civil trials, may be set out as follows: (1) the witness's knowledge is material to the trial; (2) the witness is expected to give noncumulative testimony; (3) the witness is under the 'control' of the party against whom the charge is sought, so that the witness would be expected to testify in that party's favor; and (4) the witness is available to that party" (*DeVito v Feliciano*, 22 NY3d 159, 165-166 [2013] [citations omitted]).

Under the circumstances, and considering Chinsamy's unexplained failure to appear and testify at trial, the Supreme Court should have granted the plaintiff's request for a missing witness charge (*see Katz v Gangemi*, 60 AD3d 819 [2009]; *Brown v City of New York*, 50 AD3d 937 [2008]; *Crowder v Wells & Wells Equip., Inc.*, 11 AD3d 360 [2004]; *Farrell v Labarbera*, 181 AD2d 715 [1992]). In this regard, we note that the plaintiff's use of Chinsamy's deposition testimony does not constitute a waiver of her right to request a missing witness charge (*see Webber v K-Mart Corp.*, 266 AD2d 534 [1999]; *Farrell v Labarbera*, 181 AD2d 715 [1992]). In light of the evidence presented, the error cannot be deemed harmless (*see Crowder v Wells & Wells Equip., Inc.*, 11 AD3d at 362).

The plaintiff's remaining contentions are without merit. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.