# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**365**

**CAF 15-01084**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF BABY B.W., ALSO KNOWN AS
RALEAK H.
-----------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

TRACY B.H., RESPONDENT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

DENISE J. MORGAN, UTICA, FOR PETITIONER-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered July 13, 2015 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order adjudicating his child to be neglected based upon the father's illegal drug use simultaneously with the mother's illegal drug use during the pregnancy. Contrary to the father's contention, petitioner met its burden of establishing by a preponderance of the evidence that the child was neglected (*see generally* Family Ct Act § 1046 [b] [i]). "It is well established that 'a finding of neglect may be appropriate even when a child has not been actually impaired, in order to protect that child and prevent impairment' " (*Matter of Lavountae A.*, 57 AD3d 1382, 1382, *affd* 12 NY3d 832; *see Matter of Serenity P. [Shameka P.]*, 74 AD3d 1855, 1855-1856), and that "[a] single incident where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm can sustain a finding of neglect" (*Serenity P.*, 74 AD3d at 1856 [internal quotation marks omitted]). Here, the child was born with a positive toxicology for crack cocaine and marihuana and, based upon the testimony adduced at the hearing, Family Court properly found that the father's drug use simultaneously with the mother's use contributed to the mother's use of illegal drugs, which was harmful to the child. The positive toxicology, together with the father's substance abuse history, his failure to submit to drug screening as requested, and his mental health issues, for which he fails to take his prescribed medication and fails to attend mental

health appointments, supports the finding of neglect on the ground that the child was placed in imminent danger (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79).  To the extent that the positive toxicology may not have been the basis for the court's finding of neglect, we conclude that we are not precluded from affirming the order based in part on that finding inasmuch as "the authority of this Court to review the facts is as broad as that of Family Court" (*Matter of David R.*, 39 AD3d 1187, 1188; *see Matter of Anthony L. [Lisa P.]*, 144 AD3d 1690, 1692, *lv denied* 28 NY3d 914). Contrary to the father's further contention, the court was entitled to draw " 'the strongest inference [against him] that the opposing evidence permits' based on [his] failure to testify at the fact-finding hearing" (*Serenity P.*, 74 AD3d at 1855; *see Denise J.*, 87 NY2d at 79; *Lavountae A.*, 57 AD3d at 1382).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court