Matter of Thamel J. (Deryck T.J.) (2018 NY Slip Op 04436)





Matter of Thamel J. (Deryck T.J.)


2018 NY Slip Op 04436


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6883

[*1]In re Thamel J., A Dependent Child Under Eighteen Years of Age, etc., Deryck T.J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order of fact-finding, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 9, 2017, which, inter alia, determined, after a hearing, that respondent father neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence established that the father neglected the child in that he knew or should have known that the mother was smoking marijuana while she was pregnant with the child, but failed to take any steps to stop her drug use (see Matter of Ja'Vaughn Kiaymonie S. [Nathaniel S.] , 146 AD3d 422, 423 [1st Dept 2017]). Evidence of the child's positive toxicology, as well as his low birth weight and one-week stay in the neonatal intensive care unit following his birth, was sufficient to support a finding of neglect (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73 [1995]).
Furthermore, the father ignored his own failure to exercise a minimum degree of care with respect to his parenting responsibilities. The record shows that he smoked marijuana with the mother while she was pregnant, including the day before the child's birth, failed to comply with his service plan relating to another child, and failed to submit to drug testing (see Matter of Baby B.W. [Tracy B.H.], 148 AD3d 1786 [4th Dept 2017], lv denied 29 NY3d 912 [2017]). There exists no basis to disturb the court's credibility determinations (see generally Matter of Irene O., 38 NY2d 776, 777 [1975].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK