Matter of Adam B.-L. (Darryl P.) (2024 NY Slip Op 00539)

Matter of Adam B.-L. (Darryl P.)

2024 NY Slip Op 00539

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

913 CAF 22-00291

[*1]IN THE MATTER OF ADAM B.-L. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DARRYL P., RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-APPELLANT.
BENJAMIN MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
MELISSA A. CAVAGNARO, BUFFALO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered January 28, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, found that respondent had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent appeals from an order of fact-finding and disposition that, among other things, determined that he abused the subject child. We affirm.
Respondent, who was the boyfriend of the child's mother, contends that petitioner failed to establish that he was a person legally responsible for the child within the meaning of the Family Court Act. We reject that contention. Pursuant to Family Court Act § 1012 (g), a " '[p]erson legally responsible' includes the child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time." "The term includes the partner of a parent where that partner participates in the family setting on a regular basis and therefore shares responsibility for supervising the child[ ]" (Matter of Heavenly A. [Michael P.], 173 AD3d 1621, 1622 [4th Dept 2019]). Here, we conclude that Family Court properly determined that respondent acted as "the functional equivalent of a parent in a familial or household setting" for the child (id. at 1623 [internal quotation marks omitted]; see Matter of Kevin N. [Richard D.], 113 AD3d 524, 524 [1st Dept 2014]). Contrary to respondent's contention, the court, in reaching its determination, was entitled to draw the strongest possible inference against respondent in light of his failure to testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]).
We reject respondent's further contention that petitioner failed to establish that he abused the subject child. Petitioner established a prima facie case against respondent by demonstrating that respondent, the child's mother, and the child's grandmother all "shared responsibility for [the child's] care" during the time period in which the child's injuries were sustained and, thus, the "presumption of culpability extends" to him (Matter of Grayson R.V. [Jessica D.] [appeal No. 2], 200 AD3d 1646, 1649 [4th Dept 2021], lv denied 38 NY3d 909 [2022] [internal quotation marks omitted]). In response, respondent failed to offer any explanation for the child's injuries or to otherwise rebut the presumption of culpability (see id.).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court