Heinrich v Serens (2025 NY Slip Op 04318)

Heinrich v Serens

2025 NY Slip Op 04318

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, DELCONTE, AND KEANE, JJ.

383 CA 24-00339

[*1]KENNETH HEINRICH, INDIVIDUALLY AND AS THE ADMINISTRATOR OF THE ESTATE OF DAVID ALAN HEINRICH, DECEASED, PLAINTIFF-APPELLANT,
v
KELLEY A. SERENS, N.P., LAUREN PIPAS, M.D., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

SIDNEY P. COMINSKY, LLC, JAMESVILLE (SIDNEY P. COMINSKY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from a judgment of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered December 13, 2023. The judgment dismissed the amended complaint against defendants Kelley A. Serens, N.P., and Lauren Pipas, M.D. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the amended complaint is reinstated against defendants Kelley A. Serens, N.P., and Lauren Pipas, M.D., and a new trial is granted.
Memorandum: Plaintiff, individually and as administrator of the estate of David Alan Heinrich (decedent), commenced this medical malpractice and wrongful death action against defendants, alleging, inter alia, that decedent's death was caused by their negligent care and treatment of decedent. Following a trial, the jury returned a verdict in favor of each defendant, finding no negligent conduct in the care and treatment of decedent. Three judgments were thereafter entered dismissing the amended complaint against specific defendants. In appeal No. 1, plaintiff appeals from the judgment in favor of defendants Kelley A. Serens, N.P., and Lauren Pipas, M.D. In appeal No. 2, plaintiff appeals from the judgment in favor of defendants Mariam Alexander, M.D., Amy Patel, M.D., Vivian Chan, M.D., and Michael Kosters, M.D. In appeal No. 3, plaintiff appeals from the judgment in favor of defendant Lynn Marie Cleary, M.D. We reverse in each appeal.
Initially, we reject plaintiff's contention that the verdict is against the weight of the evidence. " 'It is well settled that a jury verdict will be set aside as against the weight of the evidence only when the evidence at trial so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence' " (Monzon v Porter, 173 AD3d 1779, 1780 [4th Dept 2019]; see Clark v Loftus, 162 AD3d 1643, 1643-1644 [4th Dept 2018]). While the resolution of a motion to set aside a verdict as against the weight of the evidence "is addressed to the sound discretion of the trial court, . . . if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (Ruddock v Happell, 307 AD2d 719, 720 [4th Dept 2003]; see McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]; Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013]). "[I]t is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (2006905 Ontario Inc. v Goodrich Aerospace Can., Ltd., 222 AD3d 1436, 1438-1439 [4th Dept 2023], lv denied 42 NY3d 904 [2024] [internal quotation marks omitted]; see [*2]McMillian, 136 AD3d at 1343-1344; Sauter, 103 AD3d at 1220). Conflicting expert testimony presents a credibility issue, and resolving "that conflict is a matter peculiarly within the province of the jury" (Regelski v Weber, 209 AD2d 965, 965 [4th Dept 1994] [internal quotation marks omitted]).
Here, the jury, which was entitled to credit defendants' experts and reject the testimony of plaintiff's experts (see Clark, 162 AD3d at 1644), reached the conclusion "that [defendants] did not depart from the standard of care" and we cannot conclude that the verdict could not have been reached upon "any fair interpretation of the evidence" (Peevey v Unity Health Sys., 196 AD3d 1139, 1141 [4th Dept 2021] [internal quotation marks omitted]; see Regelski, 209 AD2d at 965-966).
We agree, however, with plaintiff that Supreme Court abused its discretion in precluding plaintiff from raising claims that defendants Serens and Pipas (ED defendants) were negligent in failing to give a blood transfusion to decedent when he was in the care of the hospital emergency department. Plaintiff alleged in his bills of particulars to the ED defendants that they were negligent in failing to act upon complaints, signs, symptoms, and diagnostic testing. Plaintiff further alleged that they failed to order blood to be typed and crossed despite being aware of a substantial drop in decedent's hemoglobin and hematocrit levels. During summary judgment motion practice, the ED defendants' expert, David Cohen, M.D., opined that "[t]he standard of care . . . did not require [the ED defendants] to type and cross the decedent's blood, or even consider a blood transfusion." When the ED defendants moved in limine to preclude evidence or testimony that decedent should have been given a blood transfusion, however, the court granted the ED defendants' motion in limine on the basis that it was "a new allegation that ha[d] not been previously pled." On the contrary, plaintiff from the outset alleged that the ED defendants failed to act upon complaints, signs, symptoms, and diagnostic testing, and such allegations were neither new nor would have been a surprise to the ED defendants because they had responded during summary judgment motion practice to the allegation that they should have acted upon the drop in hemoglobin and hematocrit levels. That error requires reversal in appeal No. 1 (see generally Brooks v Blanchard, 174 AD3d 1362, 1365 [4th Dept 2019]).
We further agree with plaintiff that the court abused its discretion in failing to give a missing witness charge for defendants Patel, Chan, and Alexander. A trier of fact in a civil proceeding may draw the strongest inference that the opposing evidence permits against a party who fails to testify (see Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]; Matter of Lewis, 158 AD3d 1247, 1249-1250 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; Matter of Adam K., 110 AD3d 168, 178 [2d Dept 2013]; Crowder v Wells & Wells Equip., Inc., 11 AD3d 360, 361 [1st Dept 2004]). This type of instruction, which is commonly referred to as a missing witness charge, "derives from the commonsense notion that the nonproduction of evidence that would naturally have been produced by an honest and therefore fearless claimant permits the inference that its tenor is unfavorable to the party's cause" (People v Gonzalez, 68 NY2d 424, 427 [1986] [internal quotation marks and emphasis omitted]). In seeking use of this charge, "[t]he burden, in the first instance, is upon the party seeking the charge to promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call [the witness] to testify" (id.). Once the foregoing is established, the burden shifts to the party opposing the charge "to account for the witness'[s] absence or otherwise demonstrate that the charge would not be appropriate" (id. at 428). The opposing party's burden can be met by demonstrating, inter alia, that "the testimony would be cumulative to other evidence" (id.; see People v Smith, 33 NY3d 454, 459-460 [2019]).
Here, when counsel for defendants Patel, Chan, Alexander, and Kosters notified plaintiff's counsel that she did not intend to call Patel, Chan, and Alexander, plaintiff's attorney issued a letter to the court requesting a missing witness charge. The court initially ruled that it would not give a missing witness charge, but, later, it permitted plaintiff's counsel to make a showing on the issue of whether the testimony would be cumulative. The court then denied plaintiff's request for a missing witness charge on the basis that plaintiff failed "to set forth specific issues of noncumulative and material testimony."
Initially, the court improperly placed the burden on plaintiff to establish that the evidence [*3]would not be cumulative (see Smith, 33 NY3d at 459-460; Gonzalez, 68 NY2d at 428). In the circumstances of this case, the testimony of the uncalled defendants would not have been cumulative to the other evidence at trial because they were directly involved in decedent's care in the hours before his death. Had the uncalled defendants testified, they each could have elaborated or interpreted the medical records and notes received in evidence, which would be noncumulative evidence (see Wilson v Bodian, 130 AD2d 221, 234 [2d Dept 1987]; see also Leven v Tallis Dept. Store, 178 AD2d 466, 466 [2d Dept 1991]). We further conclude that the testimony of defense expert Dr. David Charles Kaufman or that of defendant Cleary, the supervising attending physician, could not render the testimony of the uncalled defendants cumulative because those witnesses were not present at the hospital during the relevant times of decedent's care and did not observe decedent (see Leven, 178 AD2d at 466). The uncalled defendants observed decedent and could have offered their observations and the underlying reasons for their medical decisions (see Gagnon v St. Clare's Hosp., 58 AD3d 960, 962 [3d Dept 2009]; see generally Adam K., 110 AD3d at 181; Hanlon v Campisi, 49 AD3d 603, 604 [2d Dept 2008]). Although we acknowledge that plaintiff's counsel read portions of the uncalled defendants' deposition testimony at trial, we note that the use of a missing party's deposition testimony does not constitute a waiver of that party's right to request a missing witness charge (see Alli v Full Serv. Auto Repair, LLC, 127 AD3d 1003, 1004 [2d Dept 2015]; Farrell v Labarbera, 181 AD2d 715, 716 [2d Dept 1992]). We therefore conclude that the court erred in denying plaintiff's request for a missing witness charge.
We further conclude that such error is not harmless as to defendants in appeal Nos. 2 and 3 and reversal is required in those two appeals. We note that although plaintiff's counsel commented during summation on the failure to call the witnesses in question, and such appeals are proper (see DeVaul v Carvigo Inc., 138 AD2d 669, 670 [2d Dept 1988], lv denied 72 NY2d 806 [1988], appeal dismissed 72 NY2d 914 [1988]; see also Goverski v Miller, 282 AD2d 789, 791 [3d Dept 2001]), the court instructed the jury that plaintiff's counsel "improperly commented upon [the] decision not to call Dr. Patel, Dr. Chan, or Dr. Alexander to testify." The court also told the jury that "defendants [were] under no obligation to call any witnesses." The court ended its statement on the appeal to the jury by erroneously instructing the jury "to disregard all of [plaintiff's counsel's] comments on this issue." We therefore conclude that the error in denying the missing witness charge was not cured by the summation (see DeVito v Feliciano, 22 NY3d 159, 167 [2013]). Finally, it cannot be said that the evidence before the jury "so clearly supported a verdict in favor of . . . defendants [in appeal Nos. 2 and 3] that [the] error did not prejudice a substantial right of . . . plaintiff" (id.).
We have considered plaintiff's remaining contentions, and we conclude that they lack merit.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court