■ In the Matter of DONNA K., a Child Alleged to be Abused.—Order unanimously affirmed without costs. Memorandum: While every litigant has a fundamental right, guaranteed by the Due Process Clauses of both the Federal and State Constitutions, to be present at every stage of the trial (Matter of Cecilia R., 36 NY2d 317; Matter of Ana Maria Q., 52 AD2d 607), this right is not absolute in civil actions (Matter of Raymond Dean L., 109 AD2d 87, 88). On this record, we conclude that a balancing of the respective interests of the parties justified Family Court's exercise of its statutory re-

sponsibility to protect the child by excluding respondent while the child testified *(see,* Family Ct Act § 1011). Moreover, respondent's counsel was permitted to be present while the child testified and he was also given the right to cross-examine her.

The court properly determined that the child was competent to testify under oath. The court's determination was supported by its preliminary examination of the child, as well as by the testimony of others whose information would shed light on capacity and intelligence *(see, People v Parks,* 41 NY2d 36, 46). Accordingly, there was no abuse of discretion.

In any event, the child's out-of-court statements were sufficiently corroborated by the testimony of the other witnesses *(see,* Family Ct Act § 1046 [a] [vi]). As we recently observed, corroboration refers to the quantum of proof and the amount of corroboration required in a child protective proceeding is less than that applicable in a criminal proceeding *(Matter of Ryan D.,* 125 AD2d 160). The opinion of the expert on "intrafamilial child abuse syndrome" was admissible on the issue of whether the child had, in fact, been sexually abused and to corroborate the child's previous out-of-court statements *(see, Matter of Ryan D., supra; Matter of Nicole V.,* 123 AD2d 97).

Respondent's argument that he was denied the effective assistance of counsel is without merit *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137, 146-147). (Appeal from order of Monroe County Family Court, Marks, J.—child abuse.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.