OPINION OF THE COURT
Francis A. Affronti, J.
The Monroe County Department of Social Services commenced this Family Court Act article 10 proceeding by petition filed October 1, 1987, alleging that the respondents committed or allowed to be committed sexual offenses against the child, Jane Hand, born on October 29, 1974, and that Andrew *877 Hand, born on September 21, 1975, is an abused or neglected child. (See, Family Ct Act § 1012 [e] [iii]; [f] [i] [B]; § 1046 [a] [i].) This court possesses subject matter jurisdiction pursuant to Family Court Act article 10, as well as personal jurisdiction over the respondents, who were present during all proceedings had herein, including the trial of this action. Frank Hand, the children’s natural father, voluntarily waived his constitutional right to counsel and represented himself at trial, while Ralph Hand, the children’s uncle, was competently represented by counsel during all legal stages, including the within trial.
The testimony and evidence of petitioner’s witnesses, which is deemed credible, was received from investigating police officers, and, significantly, from Jane’s in-court testimonial descriptions. The police officers related that during September 1987, they investigated allegations of sexual contact by the respondents upon Jane and that during an interview with the child’s father he denied any involvement. Jane, however, had explicitly informed the police, during their questioning of her, that she had been sexually abused on several occasions not only by her father, but by her uncle as well, referring to the approximate time and the locations thereof. According to her, sexual contact with them commenced initially while the parties resided out of State, and continued within this jurisdiction as recent as August and September 1987, all as set out and replete in the court record. The said acts included, but were not limited to, sexual intercourse and sodomy, as later specified herein.
Jane, age 13, presented highly credible in-court sworn testimony, denoting that both respondents regularly resided with her during the time periods complained of. Her assertions of abuse, however, were confined solely to her father’s conduct, which testimony was unequivocal in nature, wherein she candidly and thoroughly depicted his sexual abuse upon her.
Upon completion of Jane’s recitations, the petitioner rested, as did the respondents, neither of whom presented evidence on their behalf. At this juncture the court finds that such failure to rebut petitioner’s evidence permits the drawing of any inference against the respondents that is warranted by the record. (See, Matter of Tammy L., 132 Misc 2d 722, citing Richardson, Evidence § 92 [Prince 10th ed], and Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137.)
Initially, it is determined that each respondent is a person legally responsible for Jane’s care at the relevant times in *878 question for they were continually or at regular intervals found within her household. (See, Family Ct Act § 1012 [g].)
The court is presented with little, if any, legal difficulty in assessing Frank Hand’s implication in the incidents attested to, since it finds both Jane’s out-of-court hearsay statements and her wholly credible in-court espousals entirely satisfactory to sustain the petition against him by a fair preponderance of the probative evidence. (See, Family Ct Act § 1046 [b] [i].)
As denoted, and for what is surmised to be a purely tactical and intentional omission by petitioner, the child’s sworn evidence was confined exclusively to her father’s conduct, without any comment by her regarding Ralph Hand. Therefore, the court now ponders whether the out-of-court police admissions have been sufficiently corroborated, while acknowledging that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration.” (See, Family Ct Act § 1046 [a] [vi].) The rapidly evolving and flourishing area of "corroboration”, which our courts have recently wrestled with, and continue to do so, has resulted in an abundance of case precedent detailing the required corroborative criteria to support a finding of abuse or neglect in article 10 proceedings. The resultant legal clarification has thereupon aided and assisted the trier of the facts in rendering its decisions on this issue. Corroboration refers to the quantum of proof and, of course, the amount thereof in civil cases such as the one at bar is less than that applicable in criminal proceedings. (See, Matter of Donna K., 132 AD2d 1004; Matter of Alena D., 125 AD2d 753.) Regardless of the existence of helpful legal guidance, this court is unable, through its research, to locate any precedent supporting "corroboration” based solely upon a perpetrator’s incriminating and unrecanted admissions. As indicated, Ralph Hhnd provided culpable statements to law enforcement officials and it would be ludicrous, therefore, and in total disregard of the competent evidence, not to find that his admissions, which depict a conscious objective to engage in such conduct, amply bolster and corroborate Jane’s prior statements. Although a factual scenario encompassing respondent’s personal espousals of culpability, without a later recantation (cf., Matter of Margaret W., 83 AD2d 557), has not yet been the subject of judicial critique, what greater or more weighty proof is necessary to enable a court to emphatically conclude that the "corroboration” barrier has been hurdled in cases such as the one now presented? While our courts have even found a *879 child’s unsworn testimony "in-camera” supportive of prior statements (see, Matter of Christina F., 135 Misc 2d 495), now, the powerful uncontroverted words directly from the mouth of the abuser shall be utilized to assist in satisfying the statutory mandate (see, Family Ct Act § 1046 [a] [vi]). Ralph Hand’s statements will not be ignored, for as recently stated by our highest court, in expounding upon the numerous forms "corroboration” may take, "Family Court Judges * * * have considerable discretion” in deciding the issue. (See, Matter of Nicole V., 71 NY2d 112, 119.)
Upon the foregoing, and the totality of all the evidence, it is concluded that each respondent committed sexual offenses against Jane Hand, who is herewith adjudicated an abused child, and therefore, the petition is sustained. (See, Family Ct Act § 1012 [e] [in].) The sexual offenses as to both Frank Hand and Ralph Hand constituted rape in the second degree (see, Penal Law § 130.30), sodomy in the third degree (see, Penal Law § 130.40 [2]), and sexual abuse in the second degree (see, Penal Law § 130.60 [2]).
Petitioner has not established by a preponderance of the evidence that Andrew Hand is an abused or neglected child. (See, Family Ct Act § 1012 [e] [iii]; [f] [i] [B]; § 1046 [a] [i].) Therefore, as regards that youngster, the petition is dismissed against each respondent.
This matter is adjourned for disposition to March 15, 1988, at 9:00 a.m., to- review a dispositional plan which shall be submitted by the petitioner 72 hours prior thereto.
Pending disposition, all existing orders shall remain in full force and effect.