# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**539**

**CAF 10-00110**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF LEEANN S. AND MICHAEL S.

------------------------------------------------

ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MICHAEL S., RESPONDENT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR RESPONDENT-APPELLANT.

JOHN A. HERBOWY, COUNTY ATTORNEY, UTICA (DENISE J. MORGAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

PETER J. DIGIORGIO, JR., ATTORNEY FOR THE CHILDREN, UTICA, FOR LEEANN S. AND MICHAEL S.

---

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered November 17, 2009 in a proceeding pursuant to Family Court Act article 10.  The order, among other things, adjudicated the children to be abused and neglected.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order of fact-finding and disposition determining that he sexually abused his daughter and derivatively neglected his son.  We reject the contention of the father that Family Court's finding of sexual abuse is not supported by the requisite preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]).  "A child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability" (*Matter of Nicholas L.*, 50 AD3d 1141, 1142; *see* § 1046 [a] [vi]).  Here, the out-of-court statements of the daughter were sufficiently corroborated by the testimony of petitioner's expert witness, who found the daughter's consistent accounts of the abuse to be reliable and opined that her "statements parallel those normally made by abuse victims" (*Matter of Nikita W.*, 77 AD3d 1209, 1210; *see Matter of Thomas N.*, 229 AD2d 666, 668).

We reject the further contention of the father that the court erred in determining that he derivatively neglected his son.  The record supports the determination of the court that the father's sexual abuse of the daughter demonstrated " 'fundamental flaws in [his] understanding of the duties of parenthood' " and warranted a

finding of derivative neglect with respect to the son (*Matter of Michelle M.*, 52 AD3d 1284, 1284; *see Matter of James A.*, 217 AD2d 961).