# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1010**
**CAF 13-00504**
PRESENT: CENTRA, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF LYLLY M.G., MARY L.G. AND
JOSEPH R.G.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CHRISTINA T., RESPONDENT,
AND THEODORE T., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (POLLY E. JOHNSON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

FRANCIS I. WALTER, ATTORNEY FOR THE CHILDREN, SYRACUSE.

---

Appeal from an order of the Family Court, Onondaga County
(Michael L. Hanuszczak, J.), entered March 4, 2013 in a proceeding
pursuant to Family Court Act article 10. The order, among other
things, adjudged that respondent Theodore T. had abused one of the
subject children and derivatively neglected the other two subject
children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent stepfather appeals from an order of fact-
finding and disposition determining that he sexually abused his
stepdaughter and derivatively neglected his other stepchildren. We
reject the contention of the stepfather that Family Court abused its
discretion in excluding him from the courtroom during his
stepdaughter's testimony. Although the court did not have before it
an affidavit attesting to the harm the stepdaughter could suffer if
she were compelled to testify in open court, the court stated that it
had considered various factors, including: the stepdaughter's age;
the serious nature of the allegations; the fact that the stepdaughter
had previously testified in camera at the stepfather's criminal trial;
the undisputed fact that the stepdaughter was seeing a therapist; the
fact that the stepfather did not controvert the point that it would be
in the stepdaughter's psychological best interest to have her
testimony conducted in camera; and the fact that the stepfather's
interests would be safeguarded by his counsel's presence and ability
to cross-examine the stepdaughter (*see generally Matter of Ian H.*, 42

AD3d 701, 703, *lv denied* 9 NY3d 814).  Under the circumstances, the court properly balanced the respective interests of the parties and reasonably concluded that the stepdaughter would suffer emotional trauma if compelled to testify in the stepfather's presence (*see Matter of Donna K.*, 132 AD2d 1004, 1004-1005; *see generally Matter of Alesha P. [Audrey B.–Michael B.]*, 110 AD3d 1461, 1461; *Matter of Lynelle W.*, 177 AD2d 1008, 1009; *cf. Matter of Robert U.*, 283 AD2d 689, 690-691).  Moreover, inasmuch as "[the stepfather's] counsel was permitted to be present while the child testified and . . . was also given the right to cross-examine her," the stepfather's constitutional rights were not violated by his exclusion from the courtroom (*Donna K.*, 132 AD2d at 1005; *see Matter of Kyanna T. [Winston R.]*, 99 AD3d 1011, 1014, *lv denied* 20 NY3d 856).

     Contrary to the stepfather's further contention, the court's finding of sexual abuse is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]).  " 'A child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability' " (*Matter of Nicholas J.R. [Jamie L.R.]*, 83 AD3d 1490, 1490, *lv denied* 17 NY3d 708; *see* § 1046 [a] [vi]).  Courts have " 'considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Nicholas J.R.*, 83 AD3d at 1490).  Here, the out-of-court statements of the stepdaughter were sufficiently corroborated by her sworn in camera testimony describing the incidents of sexual abuse by the stepfather (*see Matter of Aaliyah B. [Clarence B.]*, 68 AD3d 1483, 1484; *Matter of Heather S.*, 19 AD3d 606, 608; *see generally Matter of Christina F.*, 74 NY2d 532, 535-537).  Furthermore, "[a]lthough repetition of an accusation by a child does not corroborate the child's prior account of [abuse] . . . , the consistency of the child['s] out-of-court statements describing [the] . . . sexual conduct enhances the reliability of those out-of-court statements" (*Nicholas J.R.*, 83 AD3d at 1490-1491 [internal quotation marks omitted]).  We note that the stepfather denied that he abused the stepdaughter, but his "denial of the[ ] allegations, along with other contrary evidence, merely presented a credibility issue for [the court] to resolve" (*Matter of Zachary Y.*, 287 AD2d 811, 814).  "We accord great weight and deference to [the court]'s determinations, 'including its drawing of inferences and assessment of credibility,' and we will not disturb those determinations where, as here, they are supported by the record" (*Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401, *lv denied* 21 NY3d 862; *see Matter of Peter C.*, 278 AD2d 911, 911).

     Finally, we reject the contention of the stepfather that the court erred in determining that he derivatively neglected his other stepchildren.  "The record supports the determination of the court that the [stepfather]'s sexual abuse of the [stepdaughter] demonstrated fundamental flaws in [his] understanding of the duties of parenthood and warranted a finding of derivative neglect with respect to the [other stepchildren]" (*Matter of Leeann S. [Michael S.]*, 94

AD3d 1455, 1455 [internal quotation marks omitted]; *see Matter of Michelle M.*, 52 AD3d 1284, 1284).

Entered: October 3, 2014

Frances E. Cafarell
Clerk of the Court