# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**468**

**CAF 13-01801**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ISHANELLYS O., LUIS A.O.
AND LUIS Y.O.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

LUIS A.O., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

MEMORANDUM AND ORDER

---

ALAN BIRNHOLZ, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

LEAH A. BOUQUARD, ATTORNEY FOR THE CHILDREN, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered October 1, 2013 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, directed respondent to comply with the terms and conditions of an order of protection until September 11, 2027.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the order of protection shall expire on September 26, 2014, and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from two orders of disposition relating to specific parts of an underlying fact-finding order. Turning first to appeal No. 2, respondent challenges Family Court's finding that he sexually abused Kimberly A.P., the daughter of his longstanding live-in girlfriend and thereby derivatively abused and neglected the girlfriend's son, Jonathan L.P. In appeal No. 1, respondent challenges the court's determination that, based on his abuse of Kimberly, he derivatively abused and neglected his three biological children. Respondent also challenges in appeal No. 1 an order of protection directing him to stay away from his biological children, with periodic supervised access, until September 11, 2027, the date his youngest biological child turns 18.

Contrary to respondent's contention in appeal No. 2, the court's finding of repeated sexual abuse of Kimberly is supported by clear and convincing evidence (*see* Family Ct Act § 1046 [b] [ii]). "A child's out-of-court statements may form the basis of a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence

tending to support their reliability" (*Matter of Nicholas L.*, 50 AD3d 1141, 1142; *see* § 1046 [a] [vi]), and courts have " 'considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Matter of Nicholas J.R. [Jamie L.R.]*, 83 AD3d 1490, 1490, *lv denied* 17 NY3d 708).  Here, the out-of-court statements of Kimberly were sufficiently corroborated by the testimony of the child protective services caseworker to whom Kimberly described the repeated abuse, as well as the testimony of petitioner's expert witness, who opined that Kimberly's consistent and detailed accounts of the abuse were reliable and were "consistent with sexual abuse victimization."  We need not address respondent's contention that the court erred in allowing Kimberly's sister to testify via closed circuit television from another courtroom about similar abuse the respondent had perpetrated against her, inasmuch as Kimberly's out-of-court statements were otherwise sufficiently corroborated.

We further conclude, in appeal No. 2, that the court properly determined that respondent derivatively abused and neglected Jonathan and, in appeal No. 1, that the court properly determined that respondent derivatively abused and neglected his three biological children.  "The record supports the determination of the court that [respondent's] sexual abuse of [Kimberly] demonstrated fundamental flaws in [his] understanding of the duties of parenthood and warranted a finding of derivative neglect with respect to the [other children]" (*Matter of Leeann S. [Michael S.]*, 94 AD3d 1455, 1455 [internal quotation marks omitted]).

We agree with respondent in appeal No. 1, however, that the court erred in entering an order of protection preventing him from having unsupervised visits with his biological children before September 11, 2027, the date his youngest biological child turns 18.  "Family Court Act § 1056 (1) prohibits the issuance of an order of protection that exceeds the duration of any other dispositional order in the case" (*Matter of Sheena D.*, 8 NY3d 136, 140), and the dispositional order in appeal No. 1, which places respondent under the supervision of petitioner, expired on September 26, 2014.  The expiration date of the order of protection entered with respect to respondent's biological children is also therefore September 26, 2014, and we modify the order in appeal No. 1 accordingly.  Because that order of protection has expired, we need not consider respondent's remaining contention in appeal No. 1 concerning that order.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court