Matter of Caiden G. (Walter G.) (2018 NY Slip Op 04141)





Matter of Caiden G. (Walter G.)


2018 NY Slip Op 04141


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


465 CAF 17-00472

[*1]IN THE MATTER OF CAIDEN G. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; WALTER G., RESPONDENT-APPELLANT, AND MONIQUE (W.)G., RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (CATHERINE Z. GILMORE OF COUNSEL), FOR PETITIONER-RESPONDENT.
SARA E. LOWENGARD, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered February 10, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent neglected the subject child. 
It is hereby ORDERED that said appeal insofar as it concerns the finding of neglect is unanimously dismissed and the order is affirmed without costs.
Memorandum: Petitioner, Onondaga County Department of Children and Family Services (DCFS), commenced this neglect proceeding pursuant to Family Court Act article 10 alleging, inter alia, that respondent father neglected the subject child by failing to protect the child after the child disclosed that he had been sexually abused by the paternal grandfather. DCFS alleged in the amended petition that the father failed to bring the child to two scheduled appointments at a child advocacy center to be interviewed; that, despite having been directed by police detectives and DCFS staff to ensure that the child had no contact with the grandfather while the investigation was pending, the father allowed the child to stay at the grandfather's house for two days; and that the child was found sleeping in the grandfather's bed. DCFS also alleged that the father had engaged in acts of domestic violence in the presence of the child. The father consented to the temporary removal of the child to the custody of DCFS, which placed the child in foster care, and subsequently entered an admission of neglect. Family Court conducted a dispositional and permanency hearing, and determined, inter alia, that the placement of the child in the custody of DCFS and foster care should continue until the next permanency hearing, approximately six months later.
Initially, we note that the father's challenge to the underlying finding of neglect is not reviewable on appeal because it was premised on his admission of neglect and thereby made in an order entered on the consent of the father (see Matter of Martha S. [Linda M.S.], 126 AD3d 1496, 1497 [4th Dept 2015], lv dismissed in part and denied in part 26 NY3d 941 [2015]). The father never moved to vacate the finding of neglect or to withdraw his consent to the order, and thus his challenge to the factual sufficiency of his admission is not properly before us (see id.; see also Family Ct Act § 1051 [f]). We therefore dismiss the appeal to that extent. We note, in any event, that the father waived his right to appeal with respect to fact-finding.
We reject the father's further contention that the court erred in continuing the child's placement when the child "could have been returned home safely with an [o]rder of [p]rotection." The determination whether to terminate or to continue a placement rests within the [*2]discretion of the court and should not be disturbed absent an improvident exercise of discretion (see generally Family Ct Act
§ 1065 [a]; Matter of Latisha C. [Wanda C.], 101 AD3d 1113, 1115 [2d Dept 2012]). Although the evidence at the hearing establishes that the father received sexual abuse education and counseling, and that he completed domestic violence classes, it further establishes that he has made little progress in "overcom[ing] the specific problems which led to the removal of the child" (Matter of Carson W. [Jamie G.], 128 AD3d 1501, 1501 [4th Dept 2015], lv dismissed 26 NY3d 976 [2015] [internal quotation marks omitted]). We therefore conclude that the court's determination is supported by the record, and we see no need to disturb it (see Matter of Lylly M.G. [Theodore T.], 121 AD3d 1586, 1587-1588 [4th Dept 2014], lv denied 24 NY3d 913 [2015] [internal quotation marks omitted]).
We have considered the father's remaining contentions and conclude that they are without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court