Matter of Mollie W. (Corinne W.) (2023 NY Slip Op 01631)

Matter of Mollie W. (Corinne W.)

2023 NY Slip Op 01631

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

287 CAF 21-01164

[*1]IN THE MATTER OF MOLLIE W., MADELINE W., AND ALEXANDER W.-G. 
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; CORINNE W., RESPONDENT-APPELLANT.

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered August 10, 2021 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject children. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of fact-finding and disposition that, inter alia, determined that she neglected her three children. Contrary to the mother's contention, there is a sound and substantial basis in the record supporting Family Court's determination that petitioner met its burden of establishing, by a preponderance of the evidence, the mother's neglect of the subject children (see Family Ct Act § 1046 [b] [i]; Matter of Henry G. [Danny T.], 175 AD3d 1802, 1802 [4th Dept 2019]). " 'In reviewing a determination of neglect, we must accord great weight and deference to the determination of [the court], including its drawing of inferences and assessment of credibility, and we should not disturb its determination unless clearly unsupported by the record' " (Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642 [4th Dept 2017]). The evidence at the fact-finding hearing established that the children were living in deplorable conditions, with dirty dishes, animal feces, garbage, and flies present throughout the home. The children had hygiene issues, including bad body odor, dirty and ripped clothing, and persistent lice, which had a negative impact on the children's relationships with their peers at school. The conditions continued for several years, and the mother failed to address them despite having been contacted on numerous occasions by a child protective services caseworker and a school social worker. The evidence further established that the mother had left the home several months before the petition was filed to be with her boyfriend, leaving the children in the filthy home with the father. The record reflects that the mother "knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child[ren] and failed to act accordingly" (Matter of Crystiana M. [Crystal M.—Pamela J.], 129 AD3d 1536, 1537 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Danaryee B. [Erica T.], 145 AD3d 1568, 1568 [4th Dept 2016]; Matter of Holly B. [Scott B.], 117 AD3d 1592, 1592-1593 [4th Dept 2014]).
The mother further challenges the dispositional part of the order on the ground that the court did not hold a dispositional hearing. Inasmuch as permanent orders of custody were subsequently entered granting custody of the eldest child to the paternal grandmother and custody of the two younger children to the maternal grandmother, the mother's appeal from the order to the extent that it concerns the disposition is moot (see Matter of Dezerea G. [Lisa G.], 97 AD3d [*2]933, 935 [3d Dept 2012]; Matter of Dustin B. [Donald M.], 71 AD3d 1426, 1427 [4th Dept 2010]; Matter of Jacob SS., 59 AD3d 825, 826 [3d Dept 2009]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court