Matter of Maliah B. (Angel B.) (2025 NY Slip Op 01471)

Matter of Maliah B. (Angel B.)

2025 NY Slip Op 01471

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

101 CAF 22-02012

[*1]IN THE MATTER OF MALIAH B. AND MARCUS B.
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
v
ANGEL B., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
JULIE VILJOEN, BUFFALO, FOR PETITIONER-RESPONDENT. 
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROXANNA Q. HERREID OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered October 11, 2022, in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, in appeal Nos. 1 through 3, respondent mother appeals from orders that, inter alia, determined that she neglected the respective subject children.
Contrary to the mother's contentions in all three appeals, petitioner met its respective burdens of establishing by a preponderance of the evidence that the children were neglected (see Family Ct Act § 1046 [b] [i]). A neglected child is a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [the child's] parent or other person legally responsible for [the child's] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (§ 1012 [f] [i] [B]). "It is well established that 'a finding of neglect may be appropriate even when a child has not been actually impaired, in order to protect that child and prevent impairment' " (Matter of Lavountae A., 57 AD3d 1382, 1382 [4th Dept 2008], affd 12 NY3d 832 [2009], quoting Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 79 [1995]), and that "[a] single incident 'where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm' can sustain a finding of neglect" (Matter of Kayla W., 47 AD3d 571, 572 [1st Dept 2008]; see Matter of Ashanti R., 66 AD3d 1031, 1031 [2d Dept 2009]). Here, petitioner established that the four children, then aged eight, seven, four and three years old, were in imminent danger of becoming impaired when the mother left them unattended at home for at least one hour, only partially clothed and in a dirty and disheveled state, in a dirty house (see generally Matter of Mollie W. [Corinne W.], 214 AD3d 1463, 1463-1464 [4th Dept 2023]; Matter of Samuel D.-C., 40 AD3d 853, 853-854 [2d Dept 2007]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court