Matter of Benjamin H. (Ermal H.) (2025 NY Slip Op 02696)

Matter of Benjamin H. (Ermal H.)

2025 NY Slip Op 02696

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

327 CAF 24-00693

[*1]IN THE MATTER OF BENJAMIN H., LORENZO H., AND MIA H. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; ERMAL H., RESPONDENT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
MYKALA L. PIERCE, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROXANNA Q. HERREID OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), dated April 18, 2024, in a proceeding pursuant to Family Court Act article 10. The order determined, inter alia, that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition that, inter alia, adjudged that he neglected the subject children.
The father contends that, in light of the evidence he presented, Family Court's determination that petitioner established his neglect of the subject children by a preponderance of the evidence is not supported by a sound and substantial basis in the record (see generally Family Ct Act § 1046 [b] [i]; Matter of Mollie W. [Corinne W.], 214 AD3d 1463, 1463 [4th Dept 2023]). We reject that contention. Although the father denied the allegations of neglect, "his denial[s] of the[ ] allegations, along with other contrary evidence, merely presented a credibility issue for [the court] to resolve" (Matter of Zakiyyah T. [Lamar R.], 221 AD3d 1443, 1445 [4th Dept 2023], lv denied 41 NY3d 901 [2024]; see Matter of Damiek TT. [Damiek UU.], 232 AD3d 1157, 1159 [3d Dept 2024]). Petitioner presented evidence of multiple instances in which the father engaged in acts of domestic violence against the mother in the presence of the subject children (see Matter of Antonio S. [Rene G.], 227 AD3d 1532, 1532-1533 [4th Dept 2024], lv denied 42 NY3d 907 [2024]). Petitioner also presented evidence that the father "repeatedly misuse[d] . . . alcoholic beverages, to the extent that it . . . produc[ed] in [him] a substantial state of . . . intoxication, . . . disorientation, . . . or a substantial impairment of judgment" (Matter of Timothy B. [Paul K.], 138 AD3d 1460, 1461 [4th Dept 2016], lv denied 28 NY3d 908 [2016], quoting § 1046 [a] [iii]) and evidence of an incident in which, although the father knew that the mother was intoxicated, he failed to stop her from driving her vehicle with one of the subject children inside (see generally Matter of Alexia J. [Christopher W.], 126 AD3d 1547, 1548 [4th Dept 2015]). We accord great weight and deference to the court's determinations, including its drawing of inferences and assessment of credibility, and we will not disturb those determinations where, as here, they are supported by the record (see Matter of Lylly M.G. [Theodore T.], 121 AD3d 1586, 1587-1588 [4th Dept 2014], lv denied 24 NY3d 913 [2015]).
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court