Matter of Matthew J. (Shameika M.) (2026 NY Slip Op 01887)

Matter of Matthew J. (Shameika M.)

2026 NY Slip Op 01887

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, SMITH, AND DELCONTE,
JJ.

142 CAF 24-01489

[*1]IN THE MATTER OF MATTHEW J., MYLES J., MAX J.,
ATTALYEN J. AND MICHAEL J. MONROE COUNTY DEPARTMENT OF HUMAN
SERVICES, PETITIONER-RESPONDENT;
vSHAMEIKA M., RESPONDENT-APPELLANT, AND JEFFREY
J., RESPONDENT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF
COUNSEL), FOR RESPONDENT-APPELLANT.
MATTHEW SCHWARTZ, COUNTY ATTORNEY, ROCHESTER (MARY
WHITESIDE OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.),
entered August 12, 2024, in a proceeding pursuant to Family Court Act article 10. The
order, inter alia, determined that respondent Shameika M. had neglected the subject
children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed
without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent
mother appeals from an order that, inter alia, determined that she neglected the subject
children. At the outset, we note that, contrary to the assertion of petitioner and the
Attorney for the Children, this appeal was not rendered moot by the mother's consent to a
subsequent finding of permanent neglect inasmuch as "the finding of neglect constitutes a
permanent and significant stigma that might indirectly affect the mother's status in future
proceedings" (Matter of Tyler
W. [Stacey S.], 121 AD3d 1572, 1573 [4th Dept 2014] [internal quotation marks
omitted]) and the mother's admission to permanent neglect has not, at this time, resulted
in the termination of her parental rights (cf. Matter of John D., Jr. [John
D.], 199 AD3d 1412, 1414 [4th Dept 2021], lv denied 38 NY3d 903
[2022]).
Contrary to the mother's contention, however, a sound and substantial basis in the
record supports Family Court's determination that petitioner met its burden of establishing
by a preponderance of the evidence that the mother neglected the subject children by
failing to provide them with adequate shelter (see Family Ct Act §§
1012 [f] [i] [A]; 1046 [b] [i]). " 'In reviewing a determination of neglect, we must accord
great weight and deference to the determination of [the court], including its drawing of
inferences and assessment of credibility, and we should not disturb its determination
unless clearly unsupported by the record' " (Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642
[4th Dept 2017]). The evidence at the fact-finding hearing established that the children
were living in unsafe and unsanitary conditions in a basement area that was, inter alia,
infested by rats. Although petitioner provided the mother with assistance to obtain
alternative living arrangements for the children, the evidence established that the children
continued to reside in the basement. Under these circumstances, the court's finding of
neglect was supported by a sound and substantial basis in the record (see Matter of Justice G. [Candice
G.], 243 AD3d 1318, 1319 [4th Dept 2025]; Matter of Mollie W. [Corinne W.], 214 AD3d 1463, 1463-
1464 [4th Dept 2023]).
Contrary to the mother's further contention, there is likewise a sound and substantial
basis in the record for the court's conclusion that the mother neglected two of the subject
children by inflicting excessive corporal punishment on them (see Family Ct Act
§ 1012 [f] [i] [B]). The court's determination was supported by, inter alia, testimony
regarding statements the children made to their caseworker indicating that the mother had
struck them multiple times in the face and head, as well as testimony of witnesses who
observed the children's injuries (see Matter of Vashti M. [Carolette M.], 214 AD3d 1335,
1336 [4th Dept 2023], appeal dismissed 39 NY3d 1177 [2023]). We further
conclude that a sound and substantial basis in the record supports the court's
determination that the remaining children were derivatively neglected based on the
mother's use of excessive corporal punishment on the two injured children (see
Family Ct Act § 1046 [a] [i]). Here, the mother's use of excessive corporal
punishment on the two children demonstrated a fundamental defect in her understanding
of her duties as a parent and an impaired level of parental judgment sufficient to support a
determination that the remaining children had been derivatively neglected (see Matter of Balle S. [Tristian
S.], 194 AD3d 1394, 1396 [4th Dept 2021], lv denied 37 NY3d 904
[2021]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court